[Filed March 10, 1886.]

## S. A. NEPPACH, ADM'R v. W. P. JORDAN.

APPEAL—NOTICE—WHEN SUFFICIENT.—A notice of appeal must be directed to the adverse party, and must inform him that the appellant appeals from the judgment.

SAME.—The sufficiency of the notice of appeal must appear on its face, and the question whether it is sufficient to give the respondent actual knowledge of the intention of the appellant to appeal cannot be gone into.

SAME—DESCRIPTION OF JUDGMENT.—The court must be able to identify the judgment from the notice. A notice sufficiently describes the judgment which gives the name of the court in which it was rendered, the names of the parties, and the date of the judgment.

SAME—JUDGMENT ON—DISMISSAL.—Where a notice of appeal to the circuit court is defective, it is error to render any other judgment than that of dismissal.

MULTNOMAH COUNTY. Defendant appeals. Reversed.

*E. O. Dowd,* for Appellant.

*Alex. Bernstein,* for Respondent.

By the COURT. Judgment was rendered against Jordan in a Justice's Court. Jordan appealed to the Circuit Court. In the Circuit Court the appellee in the appeal moved to dismiss the appeal, for the reason that the notice of appeal was insufficient, in this: 1. That it failed to describe the court in which the judgment was rendered; 2. That it failed to describe the parties; 3. That it failed to describe the judgment. The notice was of the tenor following:

" IN JUSTICE'S COURT FOR COUCH PRECINCT.
" *William Neppach, Plaintiff,* v. *W. P. Jordan, Defendant.*
" NOTICE OF APPEAL—CIVIL ACTION.

" *To William Neppach, and Chas. H. Hewett, your Attorney:* Please take notice that the defendant in the above-entitled action appeals from the judgment rendered and entered therein of the fifth day of June, A. D. 1885, in favor of the said plaintiff and against the said defendant, for the possession of the premises described in the complaint herein, and costs and disbursements, and from the whole of such judgment, to the Circuit Court of the state of Oregon, for the county of Multnomah.

" E. O. DOWD, Atty. for Defendant."

The notice of appeal must be directed to the adverse party, and must inform him that the appellant appeals from the judgment. As the notice is a species of judicial process (Jacobs, J., in *Driver* v. *McAllister*, 1 Wash. T. 368), whose sufficiency must appear to the court on its face, the question whether the notice is sufficient to give the appellee actual knowledge of the intention of the appellant to appeal cannot be gone into. The court must be able to identify the judgment from the notice. Can it do so in this case? Evidently so. A judgment is sufficiently described when the court in which it is rendered is given, the names of the parties to the judgment, the date of the judgment, and for what it was rendered. (*Lewis* v. *Lewis*, 4 Or. 209.) This notice gives the court, the names of the parties, the date, and that the judgment was for the possession of the premises described in the complaint. It was not necessary to give a description of the premises in the notice itself. That is certain which can be made certain by reference to some paper in the case of which the court can take judicial notice. It is asserted as a fact that the judgment was given for the possession of certain premises,

which are as much identified to the court as if set out *in hæc verba* in the notice. If the record of the judgment itself should show a judgment for premises other than those described, it would be fatal at the trial, not because the notice was technically defective, but because the appellant is unable to produce the record he has described. A notice is also sufficient in which the essential facts required in a notice may be made out by reasonable intendment. (*Pettingill* v. *Donnelly,* 27 Minn. 332.) Again, had the notice been insufficient, as the court below held, it was error to render any other judgment than that of dismissal.

Judgment reversed.