[Filed December 6, 1886.]
## J. II. LANCASTER v. JAMES McDONALD.

APPEAL FROM JUSTICE'S COURT—NOTICE, WHAT SUFFICIENT.—On appeal from a judgment of a justice's court, a notice which is in writing and makes known to the opposite party that an appeal is taken in the particular case, is a sufficient compliance with Sec. 69 of the justices' code.

SAME—An objection to the sufficiency of the service of the notice of appeal when not made in the court below, will not be considered in this court.

DOUGLAS COUNTY. Defendant appeals. Reversed, and remanded for trial.

*Appellant,* in person

*C. A. Sehlbrede,* for Respondent.

STRAHAN, J.—The plaintiff commenced his action against the defendant before a justice of the peace of Yoncalla Precinct, in Douglas County, to recover against the defendant $76.00, where he had judgment for the full amount claimed, from which the defendant appealed to the circuit court. The defendant's notice of appeal is as follows:

" In the Justice's Court for Yoncalla Precinct, Douglas County, State of Oregon : J. II. Lancaster, Plaintiff, v. James McDonald, Defendant. Civil action to recover money. To J. II.

Lancaster, and C. A. Sehlbrede, his attorney: You are hereby notified that James McDonald, the defendant, appeals to the circuit court of the State of Oregon for the County of Douglas, from the judgment of the justice's court for Yoncalla Precinct, Douglas County, Oregon, given and entered therein *in the above entitled action* on the 4th day of August, 1885, in favor of the above named plaintiff, and against the above named defendant.    James McDonald, Defendant, in person."

The following indorsement was on said notice when it was filed with the justice on the 27th day of August, 1885:

" I hereby accept service of the within notice of appeal this 20th day of August, 1885.    C. A. Sehlbrede, Attorney for J. H. Lancaster, Plaintiff."

Also the following: " I hereby certify that I served the within notice of appeal on the 24th day of August, 1885, and delivered a copy of the same on the 25th day of August, 1885, on the plaintiff or person of J. H. Lancaster. John G. Samler, Constable."

The respondent appeared in the circuit court, by his attorney, and filed a motion to dismiss the appeal on two grounds:

(1)    That no sufficient notice of appeal has been given, and

(2)    That the certificate of the justice of the peace who certified the transcript to this court is insufficient.

The court sustained this motion, and dismissed the appeal, from which judgment this appeal is taken.    The respondent seeks to sustain the ruling of the court below, on two grounds:

(1) That the notice of appeal is fatally defective. (2) That proof of service of the notice of appeal is not sufficient to give the circuit court jurisdiction.    There is no statute in this state defining what a notice of appeal shall contain ; but the act regulating appeals from justices' courts, Gen. Laws 471, Sec. 69, provides : " An appeal is taken by serving a notice thereof on the adverse party, and filing the original, with the proof of service endorsed thereon, with the justice, and by giving the undertaking for the costs of the appeal, as hereinafter provided.''

*Notice,* in the sense here used, simply means the making known to the adverse party the fact that an appeal is taken in the par-

ticular case. If the notice accomplish this, and is in writing, the statute is complied with. No rigid technicality is or ought to be required or permitted.

In addition to the section noticed above, the Civil Code, Sec. 523, prescribes a rule applicable to notices generally, and which I think may properly be applied to notices of appeal from justices' courts. The section is as follows : " A notice or other paper is valid and effectual, although defective either in respect to the title of the action or suit in which it is made, or in the name of the court, or of the parties, *if it intelligibly refer to such action or suit.*"

It is true, this section by its terms only refers to defects in respect to the title of the action or suit, and the name of the court or the parties ; still, I think it furnishes the correct rule for determining the sufficiency of the notice in other respects. The test is, Does the notice intelligibly refer to such action or suit ? If it does, there is no reason for holding it to be defective or insufficient. In such case it cannot deceive or mislead the party for whom it is intended, and accomplishes every purpose designed by law. And such seems to have been the view taken by this court, in *Moorhouse* v. *Cox et al.*, 13 Or. 435. In that case the defect was this : The notice of appeal described the judgment as having been rendered on the 22d of *December*, whereas, it appeared from the transcript to have been rendered on the 22d of *November.* Lord, J., said : " It is manifest from the notice itself, the undertaking filed and the transcript, that it was a mere clerical oversight or mistake, *and in no way could have misled or injured the respondent.*" The words of the extract which I have italicized furnish the true test, and are, in substance, of the same import as section 523, *supra.* Counsel for the respondent refers to *Lewis* v. *Lewis,* 4 Or. 209 ; *Christian* v. *Evans,* 5 Or. 253 ; and *Luse* v. *Luse,* 9 Or. 149, as authority to sustain the ruling of the court below.

In the case of *Lewis* v. *Lewis, supra,* the appeal was from a decree, and the notice was held sufficient. Besides, if the test laid down in that case by Mr. Justice McArthur be applied to this notice, it will be found to be sufficient.

In *Christian* v. *Evans*, *supra*, Mr. Justice McArthur, again speaking for the court, said : " As the notice in this case is defective *in not describing the judgment* and naming the parties thereto, it falls within the rule of the cases cited, and the motion to dismiss must prevail." I think these cases, properly understood, hold no more than that the notice of appeal must contain such matter of description as that, by fair construction and reasonable intendment, the court can say the appeal is taken in the particular case ; and to determine this the court must take the entire record together. The notice in this case recites that the appeal " is from the judgment of the justice's court in Yoncalla Precinct, Douglas County, Oregon, given and entered therein in the above entitled action on the 4th day of August, 1885, in favor of the above named plaintiff, and against the above named defendant. This clearly identifies the judgment appealed from. Anything beyond this by way of description would be useless and unnecessary verbiage.

In *Luse* v. *Luse*, *supra*, the notice of appeal was probably insufficient, but the facts were wholly unlike those now before the court. We, therefore, hold that the notice of appeal in this case is clearly sufficient.

In reaching this conclusion, I have not overlooked *Neppach* v. *Jordan*, 13 Or. 246. This court there said : " The court must be able to identify the judgment from the notice. Can it be done in this case ? Evidently so." It is said further : " A notice is also sufficient, in which the essential facts required in a notice may be made out by reasonable intendment." It is true there are expressions in that opinion that may appear to require greater particularity than this, but they were not necessary to the determination of the cause.

The other objection, raised here for the first time, as to the insufficiency of the proof of the service of the notice of appeal, is highly technical, and we very much question whether the respondent can be heard to insist upon it, in view of the facts. The admission endorsed on the notice by respondent's attorney was doubtless made in good faith at the time, and was in-

tended to be a valid and sufficient admission of service. No objection was made to the sufficiency of the proof of service in the court below. The parties then acted upon it—assumed it to be sufficient—and we think they cannot now be permitted to question it in this court for the first time. The general rule in such cases is, that the parties are confined upon the argument to the particular grounds of objection specified in the motion.

The other point presented by the motion to dismiss the appeal in the court below does not seem to be insisted upon here, and will not be noticed.

The judgment appealed from will be reversed, and the cause remanded to the court below for further proceedings.