[No. 9682.   Department Two. — December 31, 1886.]

## CHARLES L. GRUELL, RESPONDENT, *v.* A. B. SPOONER, APPELLANT.

APPEAL FROM JUDGMENT — TIME FOR TAKING — DISMISSAL. — An appeal from a judgment which is not taken within a year after its entry will be dismissed.

ID. — DESIGNATION OF ORDER APPEALED FROM. — A notice of appeal which describes the order appealed from as one made and entered on a certain day is a sufficient designation of the subject-matter of the appeal, when no other order was entered on the day specified.

EJECTMENT — EVIDENCE OF WITHHOLDING BY DEFENDANT. — In an action of ejectment, evidence showing that the defendant erected a house on the land, and inclosed it, except a few acres on which the house of the plaintiff was situated, and was exercising control over it, is sufficient evidence of a withholding by the defendant to sustain the action.

ID. — EVIDENCE — ERROR IN REJECTING CURED BY SUBSEQUENT ADMISSION. — The defendant was called as a witness by the plaintiff, and on his cross-examination was asked certain questions, to which the objections of

the plaintiff were sustained. At a subsequent stage of the trial, the questions were answered. *Held*, that the error, if any, in sustaining the objections when first made, was without prejudice.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*F. Adams,* and *V. A. Gregg,* for Appellant.

*Graves, Turner & Graves,* for Respondent.

THORNTON, J. — The appeal from the judgment was not taken within a year after the entry of the judgment, and must be dismissed.

The notice of appeal described the order appealed from as one made and entered on June 2, 1884. The order denying a new trial was entered on that day, and it does not appear that any other order was on that day entered. The order was so described in the notice of appeal as to inform the respondent that it was appealed from. The appeal cannot be dismissed, for the reason, as contended, that the order appealed from was not sufficiently designated and described in the notice.

The action is ejectment, and plaintiff recovered on the ground of prior possession. The evidence seems to be sufficient to sustain the finding to that effect.

It is said there is no proof of ouster; but the evidence shows that defendant erected a house on the land and inclosed it, except a few acres on which plaintiff's house stands, and was assuming and exercising control over it. This was evidence of a withholding which is sufficient to sustain the action. (*Payne* v. *Treadwell,* 16 Cal. 223.) Where the defendant claims and exercises control over the land, the plaintiff can elect to be disseised and bring his action to recover possession. He is not obliged to enter on the land, which might result in a breach of the peace, or from which he might be turned out for an un-

lawful and forcible entry, and have to resort to eject-
ment at last.

The defendant was called as a witness by plaintiff,
and on his cross-examination by his counsel, certain
questions were asked him, objected to by counsel for
plaintiff, and the objections sustained. The questions
were answered at a subsequent stage of the trial, and
the defendant sustained no injury for which a reversal
should be had, granting that the court erred in sustain-
ing the objections when first made.

Judgment and order are affirmed.

McKEE, J., and SHARPSTEIN, J., concurred.