Statement of facts.

[Filed October 21, 1890.]

## W. P. REAM, Respondent, *v.* J. E. HOWARD, Appellant.

Notice of Appeal—When Insufficient.—A notice of appeal which describes a judgment for the recovery of a specific sum of money is not sufficient to bring into the appellate court a judgment in an action for the recovery of specific personal property.

Notice of Appeal—When Sufficient.—A notice of appeal which gives the name of the court, and of the parties to the action, the date of the judgment, without any other description, and informs or makes known to the respondent that the appellant appeals from the judgment in said action, is sufficient.

Appeal from Multnomah county: E. D. Shattuck, judge.

This action was originally commenced in the justice's court of East Portland, where the plaintiff had judgment, from which an appeal was taken to the circuit court. Upon respondent's motion the appeal was dismissed, on the ground of the insufficiency of the notice, from which last-named judgment this appeal was taken.

The verdict and judgment in the justice's court are as follows:

"In Justice's Court for East Portland Precinct, Multnomah County, Oregon.

"*W. P. Ream, Plaintiff,* v. *J. E. Howard, Defendant.*

"We, the jury in the above-entitled action, find for the plaintiff for the goods and chattels described in the complaint, or, if return cannot be had, for the value, to wit: $80; and $31 damages for the detention and withholding of the same from plaintiff.

"Wash F. Allen.
"S. F. Wishard.
"R. Merrick.
"W. H. H. Grant.
"James Powell.

"It is therefore ordered that the defendant deliver to plaintiff the goods and chattels named in the complaint, and the sum of $31 damages for the detention of goods, and the costs and disbursements, taxed at—justice's fees,

$7.90; constable, $8.45; witnesses, $11.60; notary fees, $3, and that execution issue therefor."

The notice of appeal is as follows:

"In Justice's Court for East Portland Precinct.

"STATE OF OREGON, }
    "County of Multnomah. } ss.

"Notice of Appeal.—Civil Action.

"*W. P. Ream, Plaintiff,* v. *J. E. Howard, Defendant,* .

"To W. P. Ream and to Messrs. Doud & McCoy, his attorneys: Please take notice that the defendant in the above-entitled action appeals from the judgment rendered therein on the eleventh day of April, A. D. 1890, in favor of the said plaintiff and against the said defendant for the sum of one hundred and forty-one dollars and ninety-five cents and costs, and from the whole of said judgment, to the circuit court of the State of Oregon, for the county of Multnomah.          C. J. McDougall,

"Attorney for Defendant."

*C. J. McDougall,* for Appellant.

*Doud & McCoy,* for Respondent.

STRAHAN, C. J., delivered the opinion of the court.

The tendency of all the recent decisions of this court on the subject of appeals is not to dismiss them if they could be retained for trial, for the simple reason that courts are established to hear and determine judicial questions and not to arbitrarily turn the parties out of court without the opportunity of being heard; but we cannot dispense with the necessary papers to bring an appeal into this court. In the construction of appeal papers we have applied the most liberal rule of construction and have allowed undertakings to be filed and papers supplied whenever we had the power to do so. But under any view of the subject, we think the judgment appealed from must be affirmed. If the notice of appeal had simply contained the title of the court, the names of the parties, the date of the judg-

ment, and had made known to the respondent that an appeal was taken from the judgment in that action, without any attempt to further describe it, the notice would have been sufficient. But here, the judgment is so entirely misdescribed that we must conclude that the appeal is from some other judgment than the one contained in this record. The judgment in the record is for the recovery of specific personal property, or its value in case delivery could not be had, together with damages for its detention, and costs and disbursements. The judgment described in the notice is for a specific sum of money. These discrepancies are too great to be reconciled according to any principle or authority. Counsel for appellant relies upon *Lancaster* v. *McDonald*, 14 Or. 264, but that case, neither in its facts nor reasoning, will sustain appellant's contention.

The judgment appealed from must be affirmed.