[No. 1096.  Decided October 31, 1893.]

THE STATE OF WASHINGTON, *on the relation of William Maltby*, v. SUPERIOR COURT OF SPOKANE COUNTY *et al.*

JUSTICES OF THE PEACE — ACTIONS BEFORE — HOW ENTITLED — APPEAL — SUFFICIENCY OF NOTICE.

An action in the court of a justice of the peace is properly and sufficiently entitled by naming the officer before whom the cause is heard, without designating that it is in the justice's court of a certain precinct.

A notice of appeal from the judgment of a justice of the peace which notifies the opposite party that the "defendant appeals to the superior court from a judgment heretofore rendered by said justice of the peace against him in the above entitled cause" is sufficient.  (DUNBAR, C. J., dissents.)

*Original Application for Mandamus.*

*Prather & Danson*, and *A. P. Fitch*, for relator.

*Watkins & Warren*, for respondents.

The opinion of the court was delivered by

STILES, J.—This is an application for a *mandamus* to require the superior court of Spokane county to entertain jurisdiction of an appeal from a justice's court.  The notice of appeal was as follows:

"STATE OF WASHINGTON, COUNTY OF SPOKANE, SS.:

"*Before T. J. Cartwright, Justice of the Peace.*

"R. F. FIFER, *Plaintiff*, *vs.* WILLIAM MALTBY, *Defendant.*

"*To the above named plaintiff and his attorneys:*

"You will please take notice that the above named defendant appeals to the superior court from a judgment heretofore rendered by said justice of the peace, against him in the above entitled cause."

[Signed.]

The objection that this notice was not entitled in a court is not well taken.  There is no court apart from the officer

who is by the constitution designated as a justice of the peace. Art. 4, § 1. A cause is entitled, in the superior court of Spokane county, without regard to the *personnel* of the judge, but it would not be sufficient to entitle a cause in the justice's court of precinct No. 1 of Spokane county, without naming the particular officer. The body of the notice is sufficient, since it amply notifies the opposite party that an appeal is taken in the particular case. *Lancaster v. McDonald*, 14 Or. 264 (12 Pac. Rep. 374).

The practice in cases of this kind was settled in *State v. Hunter*, 3 Wash. 92 (27 Pac. Rep. 1076), in accordance with the very highest authority, and we see no reason to change that ruling.

Let the alternative writ be made peremptory.

ANDERS, SCOTT and HOYT, JJ., concur.


DUNBAR, C. J. (*dissenting*). — I dissent. I think the notice is too indefinite to convey any information to the plaintiff. Neither the date of the judgment nor the judgment itself is described. It is not uncommon for different judgments to be rendered in the same court concerning the same parties, and it is inexcusable carelessness not to describe the judgment appealed from in some way. The writ should not issue.