Decided 12 June, 1899.

**BECK *v.* THOMPSON.**

[57 Pac. 419.]

JUSTICES OF THE PEACE—SUFFICIENCY OF NOTICE OF APPEAL.—A notice of appeal from a justice's court which fails to state the amount of the justice's judgment, and misstates the date on which it was rendered, is insufficient: *Hamilton* v. *Butler*, 33 Or. 370, and *State* v. *Hanlon*, 32 Or. 95, applied.

From Umatilla: STEPHEN A. LOWELL, Judge.

Action by B. F. Beck against J. C. Thompson, brought in justice's court. There was a judgment for plaintiff, and defendant appealed to the circuit court. From a judgment dismissing the appeal, defendant appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. J. H. Raley.*

For respondent there was a brief over the names of *L. Kearney* and *Peter West*, with an oral argument by *Mr. Kearney*.

MR. JUSTICE MOORE delivered the opinion of the court.

This action was originally tried in a justice's court of Umatilla County, and a judgment rendered against defendant for the sum of $53, and disbursements taxed at $20.35. From this judgment defendant attempted to appeal by serving a notice, which, omitting the title of the cause and the names of the parties, is as follows :· "You will please take notice that the defendant in the above-entitled case appeals to the Circuit Court of the State of Oregon for the County of Umatilla, from the judgment rendered in the above-entitled action in the said Justice's Court of South Pendleton District, on the 12th day of March, 1896, against the said J. C. Thompson, Sr., defendant, and from the whole of said judgment." The transcript having been sent up by the justice of the peace within the time prescribed by law, the circuit court, considering said notice insufficient to confer jurisdiction, dismissed the appeal, from which latter judgment the defendant appeals to this court. The notice above quoted fails to mention any sum of money as having been recovered by plaintiff, and misstates the day on which the judgment was rendered, as shown by the transcript, and the original undertaking on appeal gives the date of the justice's judgment the same as in the notice. In *Hamilton* v. *Butler*, 32 Or. 370 (54 Pac. 200), judgment was rendered against the defendants on February 4, 1898, by consideration of the County Court of Baker County, for the sum of $191, and costs and disbursements taxed at $18.60. From this judgment they attempted to appeal by serving a notice which did not allude to the amount recovered, and de-

scribed a judgment as having been rendered February 5, 1898. The circuit court dismissed the appeal, and it was held that no error was committed thereby, this court saying : "If it be conceded that the date of the supposed judgment, as given in the notice, is a clerical misprision, —a matter which we are unable to determine from the record, as the date in the undertaking on appeal corresponds with it, while that contained in the transcript of judgment shows it to have been rendered a day earlier, —yet within the case of *Crawford* v. *Wist*, 26 Or. 596 (39 Pac. 218), the notice is otherwise clearly insufficient, and that case is decisive of the present controversy." In the case at bar, no date or amount is mentioned in the notice of appeal, by which the judgment specified in the transcript can be identified, and under the rule announced in *State* v. *Hanlon*, 32 Or. 95 (48 Pac. 353), the said notice was insufficient to confer upon the circuit court jurisdiction of the cause, and hence it follows that the judgment is affirmed.          AFFIRMED.

Decided 12 June, 1899.