UNITED STATES v. LARSEN.

(Second Division. Nome. November 17, 1905.)

No. 428.

CRIMINAL LAW—SUMMARY TRIAL—APPEAL—SUFFICIENCY OF NOTICE.
The sufficiency of a notice of appeal from a justice's court to the district court must appear upon its face. The court must be able to determine from the notice what particular judgment of conviction was rendered—whether of larceny, assault, or other crime—by name or description. The court must be able to identify the judgment from the notice.

Motion to dismiss appeal of defendant from judgment of the commissioner of Cape Nome precinct for insufficiency of notice. Motion granted.

Henry M. Hoyt, U. S. Dist. Atty., and W. N. Landers, Asst. U. S. Dist. Atty., for the motion.

Geo. D. Schofield, for defendant.

2 A.R.—37

MOORE, District Judge. The defendant was convicted in the justice's court for the Cape Nome precinct of the crime of selling intoxicating liquors. to an Indian, and an appeal was taken from the judgment imposing sentence of imprisonment in the jail at Nome for six months.

A motion was made to dismiss the appeal, the transcript of the proceedings of the lower court having been filed in the District Court, and the motion is now, after argument, before the court for consideration. The notice of the appeal sent up with the transcript is in these words, omitting the title of the court:

"United States v. Sam Larsen. Notice of Appeal.

"To United States Attorney of District of Alaska, Second Division: Please take notice that the above-named defendant hereby gives notice of appeal to the District Court, Second Judicial Division, District of Alaska, from that certain judgment of conviction rendered against him on this day.

"Dated at Nome, Alaska, September 5, 1905.
"Geo. D. Schofield,
"Attorney for Defendant."

The three grounds assigned in the motion for the dismissal deserving consideration, all reduced to one ground, are the following: Said notice of appeal fails to specify with sufficient certainty the identity of the judgment appealed from (a) in that it is impossible for this court to identify the judgment appealed from; (b) in that the notice does not state in whose favor said judgment was rendered, or what the particular judgment was.

It further appears that service of this notice was accepted and acknowledged by W. N. Landers, Deputy U. S. District Attorney. Section 442 of the Code of Criminal Procedure for Alaska provides that:

"An appeal may be taken from a judgment of conviction given in a justice's court in a criminal action, when not given on a plea of guilty, within thirty days from the date of entry of judgment by serving a notice upon the district attorney and filing the original with

the proof of service endorsed thereon with the justice and by giving the undertaking for the costs of the appeal as hereinafter provided."

As this notice is a species of judicial process, the sufficiency thereof must appear to the court on its face. The question for consideration is not whether the notice is sufficient to carry to the appellee or district attorney knowledge of the intention to appeal. The question rather is, Can the court, from a reading of the notice, determine what particular judgment of conviction was rendered; whether of larceny, assault, or other crime, by name or description? The notice should either upon its face so definitely characterize the judgment as to inform the court whether the offense named therein is one with the crime named or described in the justice's transcript. The transcript of the judgment in this case will recite a conviction of the defendant of a specific crime eo nomine. The description of the judgment in the notice in this case, designating the character of the judgment in general terms, may, as it does, apply to any of the possible crimes of which the defendant may have been convicted. How can the court, by a comparison of the notice with the transcript of the judgment sent up by the justice, determine with certainty whether the defendant appeals from the judgment of conviction to which the notice refers, or from the judgment in another case, wherein the crime or offense specified in the transcript may have been one of an entirely different grade or class? "The court must be able to identify the judgment from the notice." Jacobs, J., in Driver v. McAllister, 1 Wash. T. 368.

In the case of Neppach, Adm'r, v. Jordan (Or.) 10 Pac. 341, which was an appeal from a judgment in a civil case, the notice recited the rendition of a judgment "for the possession of the premises described in the complaint." The lower court declared this notice insufficient, but the higher court was of a different opinion, because the reference to the complaint in the notice identified the judgment with as much certainty as

if the premises were described in the very words of the complaint.

A notice is sufficient in which the essential facts required in a notice may be made out by reasonable intendment, either from the notice itself, or by a reference therein to another paper in the case. Pettingill v. Donnelly, 27 Minn. 332, 7 N. W. 360.

The notice in this case leads us to understand clearly that the defendant was convicted, but omits to describe either the class or the species of crime of which he was convicted. On these points we are left in darkness by the notice. In Alaska the District Judge of the First Division (Brown) decided that an omission of a notice to refer in unmistakable terms to the judgment from which the appeal was taken was fatally defective. Weitzman v. Handy, 1 Alaska, 663. That case, it is true, was a civil action, but the statutory requisites of a legal appeal are identical with the essentials of an appeal from a judgment in a criminal case. Compare section 997 of the Civil Code of Procedure (page 347 of Carter's Code) with the section in this opinion quoted.

The Supreme Court of Oregon states that the tendency of that court is to construe notices liberally, yet in Crawford v. Wist, 26 Or. 597, 39 Pac. 218, dismissed an appeal. The ground of the decision was that the notice, which contained no other description of the judgment appealed from than that it was rendered in an action for costs and disbursements at a certain term of the Circuit Court, was manifestly so indefinite and uncertain that the court could not say that the appeal was taken in any particular case.

I am of the opinion that the notice in this case is likewise so indefinite and uncertain that this court has not acquired jurisdiction of the appeal. The motion to dismiss is sustained, and accordingly the appeal is now dismissed.