### KINGSBURY v. PACIFIC COAL & TRANSP. CO.

(Second Division. Nome. April 21, 1906.)

No. 1,479.

1. JUSTICES OF THE PEACE (§ 160*)—APPEAL—NOTICE—SUFFICIENCY.

On appeal from a justice to the district court, the notice of appeal given was that defendant appealed "from the judgment rendered and entered in the said U. S. Commissioner's court * * *

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

on the 12th day of February, 1906, in favor of said plaintiff and against the said defendant, and from the whole thereof." *Held*, that it was insufficient, and the appeal dismissed on motion.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 579–591; Dec. Dig. § 160.*]

2. JUSTICES OF THE PEACE (§ 160*)—APPEAL—NOTICE—REQUISITES.

A notice of appeal from a justice's court is a special judicial process, whose sufficiency must appear on its face. It must be adequate, and there must be proper service.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 579–591; Dec. Dig. § 160.*]

3. APPEARANCE (§ 9*)—PLEADING—SPECIAL APPEARANCE.

While it is the usual practice for a party who appears for a special purpose to so state, yet a plea cannot be classed as general or special according to its wording. The substance, purpose, and effect of the appearance must be the guide.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 42–52; Dec. Dig. § 9.*]

William A. Gilmore, for plaintiff.
W. H. Bard, for defendant.

MOORE, District Judge. This is a motion to dismiss an appeal from the commissioner's court for Nome precinct, Alaska. Three grounds are urged in the motion, but the last two are in effect the same as the first, which is "that said notice fails to specify with sufficient identity the judgment appealed from." By way of argument, counsel for appellant also claim that as the respondent, by his attorney, has made the motion to dismiss the appeal, and has not in words declared his appearance a special one for the purpose of the motion only, such an appearance is a general one, and respondent has consequently waived any defects that might exist in the notice of appeal.

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

After the caption of the case, the notice of the appeal is as follows:

"To A. G. Kingsbury, W. A. Gilmore, His Attorney, and Hon. T. M. Reed, U. S. Commissioner and Ex Officio Justice of the Peace:

"You and each of you will please take notice that the defendant in the above-entitled action hereby appeals to the United States District Court for the District of Alaska, Second Division, from the judgment rendered and entered in the said U. S. Commissioner's court by the said Hon. T. M. Reed, U. S. Commissioner and ex officio justice of the peace, on the 12th day of February, 1906, in favor of said plaintiff and against said defendant, and from the whole thereof.

"This appeal is taken on questions of both law and fact.

"Dated at Nome, Alaska, this 14th day of March, 1906.

"W. H. Bard, Attorney for Defendant."

A notice of appeal from a commissioner's court is a species of judicial process (Driver v. McAllister, 1 Wash. T. 368), whose sufficiency must appear to the court on its face. The notice of appeal must be adequate, and there must be proper service thereof, or this court acquires no jurisdiction of the person. In these particulars the notice bears a strong resemblance to a summons. The statute requires that in an action for the recovery of money or damages the summons shall state what sum judgment shall be taken for upon default, and in other actions the summons must state that upon default of the defendant to answer the plaintiff will apply for the relief demanded. Section 44, Code Civ. Proc. Alaska. There is no reason why the process which summons the defendant into the commissioner's court should designate the judgment that will be taken upon default, while the process which brings the respondent into this court upon appeal and begins a proceeding de novo should be less specific. The purpose of the notice of appeal is to apprise the respondent of the institution of the appeal in a particular case. In passing upon a motion of this kind the court cannot consider any supposed actual knowledge alleged to exist in the mind of the respondent as to an

action previously tried in the commissioner's court as supplementing in any manner the facts set forth in the notice of appeal. The sole question is: Does the notice of appeal on its face disclose such facts that the law will arbitrarily infer actual notice would be given even to a stranger? State v. Hanlon,. 32 Or. 95, 48 Pac. 353. In seeking an answer to this question, the peculiarities of the jurisdiction and practice in the commissioner's court must constantly be borne in mind. For this reason decisions upon the sufficiency of notices in appeals from a court of general jurisdiction cannot throw much light upon the present inquiry. The essentials of the notice are well set forth in Neppach v. Jordan, 13 Or. 246, 10 Pac. 341, as follows:

"The notice of appeal must be directed to the adverse party, and must inform him that the appellant appeals from the judgment. * * * The court must be able to identify the judgment from the notice. * * * A judgment is sufficiently described when the court in which it is rendered is given, the names of the parties to the judgment, the date of the judgment, and for what it was rendered."

We have heretofore, in the case of United States v. Sam. Larsen (428 Crim.) 2 Alaska, 577, decided that a notice of appeal in a criminal case tried before a commissioner does not sufficiently describe the judgment appealed from unless the notice of appeal states what crime the defendant was convicted of. To say in a criminal case that the defendant appeals from the "judgment of conviction," or in a civil case from the "judgment in favor of said plaintiff and against said defendant," describes no judgment, since the very fact of an appeal being taken by the defendant, in both instances, shows the only thing the notice pretends to disclose, namely, a judgment adverse to appellant. There must be something to show "for what the judgment was rendered."

In civil matters the commissioner has jurisdiction for the recovery of money or damages, to the extent of $1,000; for

the recovery of specific chattels, not exceeding in value $1,000; in an action for a penalty, to the same extent; and also, in the statutes of forcible entry and detainer, may render a judgment for the possession of realty. Here are at least four different matters which may be litigated under the civil jurisdiction of a commissioner's court. If the crime of which a defendant has been convicted in a criminal case must be set out in the notice of appeal in description of the judgment, so in a civil action, by a parity of reasoning, must the notice of appeal designate on which of the four or five subjects mentioned a judgment has been rendered. A notice of appeal, which, after giving the caption of the case, describes the judgment only as a judgment in favor of said plaintiff and against said defendant, could be fit to a judgment rendered on an action based on a contract, on a tort, for the possession of a horse, or for the possession of a house and lot.

A notice is defective if the description of the judgment contained therein disagrees with the judgment disclosed in the transcript. Ream v. Howard, 19 Or. 491, 24 Pac. 913. And, if the description of the judgment is so scanty that it is impossible to determine whether or not there is an agreement or a disagreement between the judgment and the notice, the effect is the same. The notice is unintelligible and fails of its purpose. There must be sufficient data in the notice by which to make a full comparison, and a comparison cannot be made by comparing three particulars of the description in the notice with the record or transcript of judgment. Both might agree as to the title of the court, the parties, and the date even on which judgment was rendered, and yet differ entirely as to the most important particular; that is, "for what the judgment was rendered." We concur with Judge Brown in Weitzman v. Handy, 1 Alaska, 658, and with the dissenting opinion of Dunbar, C. J., in State ex rel. Maltby v. Superior Court of Spokane County, 7 Wash. 223, 34 Pac. 922,

in suggesting that there may be more than one judgment rendered in the same court on a certain day and between the same parties. True, such might be unusual; but a rule of law must cover the ordinary as well as the exceptional.

We are clearly of opinion, therefore, that the notice of appeal in this case fails to describe the judgment with sufficient certainty, and that our conclusions herein are fully sustained by the great weight of authority in Oregon, from which state our own statute has been copied, as well as the ruling of the District Court for the District of Alaska, First Division. See Neppach v. Jordan, 13 Or. 246, 10 Pac. 341; Lancaster v. McDonald, 14 Or. 264, 12 Pac. 374; Crawford v. Wist, 26 Or. 596, 39 Pac. 218; Beck v. Thompson, 35 Or. 182, 57 Pac. 419, 76 Am. St. Rep. 471; Weitzman v. Handy, 1 Alaska, 658.

Nor is the opinion expressed herein inconsistent with the cases cited by counsel for appellant, except possibly the very weak case of State ex rel. Maltby v. Superior Court of Spokane County, 7 Wash. 223, 34 Pac. 922. On the other hand, most of them sustain the present position.

The case of United States v. Adams, 6 Wall. 101, 18 L. Ed. 792, was a motion to dismiss an appeal from the United States Court of Claims. The act of March 3, 1863 (12 Stat. 765, c. 92, § 5), provides that:

"Either party may appeal to the Supreme Court, where the amount in controversy exceeds $3,000, under such regulations as the said Supreme Court may direct: Provided, that such appeal shall be taken within ninety days after the rendition of such judgment or decree."

Under this statute the Supreme Court laid down certain rules regulating appeals. Before the period of 90 days had elapsed the United States filed with the clerk of the Court of Claims the following:

"Theodore Adams v. The United States, 1886.

"The United States, by E. P. Norton, its solicitor, makes application to the honorable Court of Claims for an appeal of the case of

Theodore Adams v. The United States to the Supreme Court of the United States. E. P. Norton,

"Solicitor for the United States."

After the expiration of the period of time allowed at the next session of the Court of Claims, the solicitor for the United States moved for an allowance of the appeal, and the following day the court allowed the appeal. When the case was called in the Supreme Court, a motion was made to dismiss the appeal, because the order of allowance was made after the expiration of the 90 days. The Supreme Court, speaking through Justice Miller, held that taking an appeal was under the statute a matter of right, that "no regulation of the Supreme Court, nor any judicial discretion of the Court of Claims could deprive either party of the right" to appeal, "though the former may frame appropriate rules in accordance with which the right must be exercised"; that, as the right depended upon the volition of the party alone, his act in filing the notice in the clerk's office before the expiration of 90 days was a clear indication of his intention, and was a "taking," within the meaning of the statute; and that the order of allowance, the act of the Court of Claims, was not the "taking" of the appeal.

It is obvious that this case bears no resemblance to appeals from a commissioner's court. Under our Code, one of the conditions on which an appeal may be taken is that a notice shall be served on the opposite party or his attorney. The right to appeal is conditional; whilst in the case cited it was an absolute right. What the Supreme Court decided was that the notice was sufficient evidence of an intention to exercise a right already given; not, as in the case before us, a notice which must be complete before a right is initiated. It is perfectly plain that a paper might evidence an intention to exercise a right, and still not comply with the conditions upon which a right is conferred.

The case of Gruell v. Spooner, 71 Cal. 493, 12 Pac. 511, was a motion to dismiss an appeal from the superior court of San Luis Obispo county, California, in an action of ejectment. The notice stated that the order was dated June 2,'1884, but did not state what order. The record showed an order refusing a new trial, and it was held that, as there was no other order in the record made on the date stated, it would be presumed the order appealed from was the one refusing a new trial. But this case is not authority for the statement that, on an appeal from a court of a justice of the peace, the record can supplement the notice of appeal. In the course of a case before a court of general jurisdiction, there may be more than one order from which an appeal will lie; but, on an appeal from a court of a justice of the peace, only the judgment is appealable. A notice of appeal from a court of general jurisdiction ought to distinguish between different orders in the same case; but a notice of appeal from a justice of the peace ought to distinguish between different judgments made in different cases. In this connection it may be remarked that the Supreme Court of Oregon has required the judgment to be described even in appeals from a court of general jurisdiction. See State v. Hanlon, 32 Or. 95, 48 Pac. 353; Hamilton v. Butler, 33 Or. 370, 54 Pac. 200.

In the case of Weyle v. Sonoma Valley Ry. Co., 69 Cal. 202, 10 Pac. 510, which was also a case of an appeal from a court of general jurisdiction, the superior court of Sonoma county, California, and therefore subject to the criticism mentioned in the discussion of Gruell v. Spooner, supra, the notice of appeal had incorrectly stated the date of the order appealed from, and it was held that this error was a "clerical misprision" and would not invalidate the notice. But the opinion in that case distinctly states that the order appealed from was the order refusing a new trial, and that the notice of appeal was complete in all other respects, except the incorrect date. There

can be no doubt, therefore, that the notice before the court designated the order refusing the motion for a new trial, and the notice even in that case fulfilled the requirements of showing what was appealed from.

In the case of Lancaster v. McDonald, 14 Or. 264, 12 Pac. 374, the notice of appeal had as a part of the caption the expression, "Civil Action to Recover Money," and in the body of the notice itself the judgment is described as "the judgment of the justice's court for Yoncalla precinct, Douglass county, Oregon, given and entered therein in the above-entitled action on the 4th day of August, 1885, in favor of the above-named plaintiff," etc. It will be observed that the notice describes the judgment as one entered in a civil action for the recovery of money. Any general words in the opinion in this case must be construed with reference to the facts in that case, and, when the notice before the court in that case is kept in mind, the case cannot be considered as authority for sustaining a notice like that before us, where no description whatever is made of what is appealed from.

In the case of State ex rel. Maltby v. Superior Court of Spokane County, 7 Wash. 223, 34 Pac. 922, the notice of appeal was sustained by the majority of the court, although more defective than the notice before us. But in that case the majority opinion dismisses that phase of the case by the simple declaration:

"The body of the notice is sufficient, since it amply notifies the opposite party that an appeal is taken in the particular case. Lancaster v. McDonald, 14 Or. 264, 12 Pac. 374."

Such a statement begs the question. No reason is given why the notice indicates that an "appeal is taken in the particular case." The authority cited, the case of Lancaster v. McDonald, supra, as has been indicated, was a decision on an entirely different state of facts, so that the arbitrary fiat of the Supreme Court of Washington stands unsupported by any

3 A.R.—4

reason, principle, or decision. Indeed, it may be in conflict with its own decision in the case of Driver v. McAllister, 1 Wash. T. 368; for, while we do not have the report of that case before us, it is quoted by the Supreme Court of Oregon in Neppach v. Jordan as authority for a statement wholly inconsistent with the ruling in State v. Superior Court of Spokane County. Moreover, the decision of the majority of the court is further weakened by the fact that Dunbar, C. J., filed a dissenting opinion, in which he urges the objection that:

"It is not uncommon for different judgments to be rendered in the same court concerning the same parties," etc.

This disposes of the main contention in the case; but there remains the further question: Did the respondent by a general appearance waive the defect in the notice of appeal? The important part of the motion to dismiss the appeal is as follows:

"Comes now the plaintiff, A. G. Kingsbury, by his attorney, William A. Gilmore, and moves the court for an order dismissing the attempted appeal in the above-entitled action upon the ground," etc.                    William A. Gilmore, Attorney for Plaintiff."

Is this a general or special appearance? A special appearance is one made for the purpose of urging jurisdictional objections? 2 Ency. P. & P. p. 620. A special appearance is only proper where a party seeks to deny the jurisdiction of the court over his person. 2 Ency. P. & P. p. 621. While it is the usual practice for a party who appears for a special purpose to so state, yet a plea cannot be classed as general or special according to its wording. The substance, purpose, and effect of the act of appearance must be the guide. For example, where a party asks some relief which can only be granted on the hypothesis that the court has jurisdiction of the cause and the person, it is a general appearance, no matter what it may be called. Likewise a motion to dismiss a judg-

ment in the following form: "Now comes the defendant, Oliver Green, by his attorneys, Welch & Welch, and moves the court to set aside the judgment * * * for the reason that no proper service was had on the defendant, Oliver Green, in said suit"—is a special appearance. Green v. Green, 42 Kan. 654, 22 Pac. 730, 16 Am. St. Rep. 510. Nor will signing generally, as "attorney for plaintiff and respondent," a notice of a motion to dismiss for want of jurisdiction, constitute a general appearance, which waives objections to jurisdiction. Lake v. Kels, 11 Abb. Prac. N. S. (N. Y.) 37.

The purpose and effect of the motion to dismiss in the present case was to attack the process by which it was attempted to bring the respondent into this court. The notice of appeal is defective; and, the motion to dismiss having raised the question of the jurisdiction of the court over the person of the respondent, his appearance was therefore special, and not general, waiving any defects in the notice of appeal.

The notice of appeal being therefore defective, and the respondent not having appeared generally, the appeal is dismissed, at the cost of the appellant.