## MARKUSON v. CLARK.

### (Fourth Division. Fairbanks. June 10, 1912.)

### No. 1775.

JUSTICES OF THE PEACE (§ 160*)—APPEAL AND ERROR.

> Upon service of an appeal from a justice of the peace, the return showed that the notice was served by leaving copy "in the office" of the attorney for said defendant on a certain date, but the statute required that it be left there between the hours of 6 o'clock a. m. and 9 o'clock p. m., in a conspicuous place; an application was made by appellant to amend the return and show the hour and place. *Held*, the imperfect return in this case may be amended to show the fact that the notice of appeal was served by leaving a copy in the office of the attorney for respondent, in a conspicuous place, between the hours of 6 a. m. and 9 p. m.
>
> [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 579–591, 658; Dec. Dig. § 160.*]

This matter comes before the court at this time on motion to dismiss the appeal to this court from the justice's court.

The following grounds are urged for the dismissal of the appeal: First, a defect in the notice, in that the notice of appeal is not directed to, nor contains the name of, the respondent, but instead is addressed to the commissioner, John F. Dillon, Esq., and the respondent's attorney, Thomas A. Marquam; second, a defect in the service of the notice of appeal, in that the return of the attorney for the appellant does not state the notice of appeal was left in the office of the respondent in a conspicuous place, between the hours of 6 a. m. and 9 p. m., during the absence of the attorney and his clerk, or person having charge of the office of the attorney.

The notice of appeal follows:

> "In the Justice's Court for Fairbanks Precinct, Territory of Alaska, Fourth Division.
>
> "Thomas Markuson, Plaintiff, v. J. D. Clark, Defendant. No. 791.
> "Notice of Appeal.
>
> "To John F. Dillon, Commissioner and Ex Officio Justice of the Peace in and for the Fairbanks Precinct, Fourth Judicial Division, Territory of Alaska, and to T. A. Marquam, Attorney for Said Defendant:
>
> "You will please take notice that the plaintiff in the above-entitled action hereby appeals to the district court, Fourth judicial division,

territory of Alaska, from the judgment made in the above-entitled court and entered in the said justice court on the 18th day of March, 1912, in favor of said defendant and against said plaintiff to the effect that plaintiff take nothing by this action and that defendant recover costs taxed at $6.75, and from the whole of said judgment. This appeal is taken on questions of both law and fact.

"Dated this 25th day of March, 1912.

"R. F. Roth,<br>"Attorney for Plaintiff."

Also the return of the service of the notice of appeal:

"In the Justice's Court for Fairbanks Precinct, Territory of Alaska, Fourth Division.

"Thomas Markuson, Plaintiff, v. J. D. Clark, Defendant.    No. 791.

"Affidavit of R. F. Roth.

"United States of America, Territory of Alaska—ss.:

"R. F. Roth, being first duly sworn, on oath deposes and says: That he is an attorney at law and is the attorney for plaintiff in the above-entitled cause; that he served the foregoing notice of appeal upon the defendant by leaving a full, true, and correct copy of the same in the office of Thomas Marquam, attorney for said defendant, in the Fairbanks building on Cushman street, town of Fairbanks, Fairbanks precinct, Fourth judicial division, territory of Alaska, upon the 26th day of March, 1912.

"R. F. Roth.

"Subscribed and sworn to before me this 26th day of March, 1912.

"Richard H. Geoghegan.   [Notarial Seal.]"

R. F. Roth, for appellant.

Morton E. Stevens, of Fairbanks, for respondent.

OVERFIELD, District Judge.  An appeal from a justice or commissioner's court in Alaska, when the sum in controversy is not less than $50, except when the sum is given by confession or for want of an answer, may be taken to the district court under the same title, except that the party appealing shall be known as the appellant, and the adverse party as the respondent, within 30 days of the date of the entry of the judgment.  Section 997, Alaska Codes, pt. 4, p. 347, provides that the "appeal is taken by serving a notice thereof on the adverse party or his attorney, and filing the original, with the proof of service indorsed thereon, with the justice, and by giving the undertaking for the costs of the appeal, as hereinafter provided."

Succeeding sections of the Code provide:

Section 1000:

"When an appeal is taken the justice must allow the same and make an entry thereof in his docket."

And section 1002:

"Within 20 days after the allowance of the appeal the appellant must file with the clerk of the district court a transcript of the cause."

Section 1003 follows:

"Upon the filing of the transcript with the clerk of the district court the appeal is perfected, and the action shall be deemed pending and for trial therein as if originally commenced in such court, and the district court shall proceed to hear, try, and determine the same anew, without regarding any error or other imperfection in the original summons and the service thereof, or on the trial, judgment, or other proceeding of the justice or marshal in relation to the cause."

There follows section 1004, under which section the respondent files his motion in this cause:

"The district court, on motion of the respondent, may, at any time before the action is called for trial, dismiss the appeal, if it satisfactorily appear that the transcript and original papers annexed are incomplete in any material particular, unless upon the cross motion of the appellant it makes a rule upon the justice to supply such omission, upon such terms against the appellant as may be just. At any time before trial the court may dismiss the appeal upon the motion of the appellant."

The Code does not specify in detail what the notice of appeal shall contain. The section above quoted in part says:

"An appeal is taken by serving a notice thereof on the adverse party or his attorney."

All judicial construction on the same or similar provisions of notice of appeal, both in Oregon, whence our section was adopted, and other states, have defined this provision to mean "such notice as would be required in an original summons in an action." Such has been the ruling in the Alaska district courts, so far as reported. Weitzman v. Handy, 1 Alaska, 658; Kingsbury v. Pac. Coal & Transp. Co., 3 Alaska, 44. That means that the notice of appeal should contain the necessary statement, to enable the appellate district court to iden-

tify the action appealed from by simple inspection of the notice. To accomplish such purpose, the notice must be properly entitled as in the justice court, directed to the adverse party or his attorney, that an appeal is to be taken in the cause from the judgment entered in the justice court, on a date certain, giving the date, the character of the judgment, so that, if more than one judgment should have been entered on the same date in the justice court between the same parties, no possible misunderstanding could arise to the adverse party, as to which judgment is being appealed; i. e., if it is for the recovery of property, such a general description as at least shows the character of the action, if for a money judgment, the amount of the judgment.

The notice of appeal in this case is properly entitled. It is directed to the United States Commissioner and justice of the peace and "T. A. Marquam, attorney for said defendant." The notice to the justice has no place in such a paper and is simply surplusage. Had the defendant's name "J. D. Clark" been substituted in the place of the commissioner's name, no criticism could have arisen as to the proper specification of names of the parties addressed in the notice of appeal.

Since the Code specifically provides that a notice of appeal may be served upon the adverse party or his attorney, as contradistinguished from the provisions relative to the service of a summons which is addressed alone to the party, who at that stage of the proceedings in the case has no attorney, I can see no reason why the notice directed alone to the attorney for the adverse party, the respondent in a notice of appeal, is not sufficient under the provisions of our Code.

The return on the service of the notice shows:

"That the attorney for the plaintiff served the foregoing notice of appeal upon the defendant, by leaving a full, true and correct copy of the same in the office of Thos. Marquam, attorney for said defendant, in the Fairbanks building, on Cushman street, in the town of Fairbanks, Fairbanks precinct, Fourth judicial division, territory of Alaska, upon the 26th day of March, 1912. [Signed] R. F. Roth"

—and sworn to before a notary public on the same date, and on the same date, with the notice of appeal, filed in the jus-

4 A.R.—39

tice court. No question arises but that this is an insufficient service. The section at least provides that such a service of a notice of appeal, when not made upon the defendant or his attorney personally, must be made, if upon the attorney, by leaving the copy of the notice of appeal at such attorney's office between the hours of 6 a. m. and 9 p. m., and then only in a conspicuous place therein.

The attorney for the appellant moves the court to be allowed to amend at this time to show, as a matter of fact, he did so serve the said notice of appeal in the action; i. e., by leaving a copy of the notice of appeal in the office of T. A. Marquam between the hours of 6 a. m. and 9 p. m. on the 26th day of March, 1912, and that he left it in a conspicuous place therein.

The question involved in this motion, as well as in the one to dismiss the appeal, is: Can this court at this time allow the appellant to amend his return? The Oregon cases apparently hold both ways: First, that, if an attempt be made, though ineffectually, to make a valid service, the appellate court has jurisdiction of the case to permit such an amendment as is here desired, when the return on the service does not conform to the facts, and the matter is brought to the attention of the appellate court by proper affidavits.

Dolph v. Nickum et al., 2 Or. 202: An amendment was permitted allowing the appellant to show, which he did not do originally, that there was no one in the office of the attorney for the respondent when he made the constructive service by then leaving a copy of the notice of appeal, inferentially at least holding that such a fact must be stated to permit, under the Code, a service to be made by leaving a copy in the office of an attorney.

Lindley v. Wallis, 2 Or. 203: Amendment to the return of the service of the notice of appeal was allowed, to conform to the fact as to the time of the day the service was made.

Rees v. Rees, 7 Or. 79: An amendment in the appellate court was allowed to the return on the service of a notice of appeal, to conform to the fact that it was served between the hours of 6 a. m. and 9 p. m.

Seeley v. Sebastian, 3 Or. 563, cites the above case. Mc-Arthur, J., said:

"In this case the return is to some extent imperfect, but it appears that it can be amended so as to meet the fullest requirements of the laws, and at the same time conform to the facts. From an examination of the record we are satisfied that by denying the motion we should hinder rather than further justice, and, as no sufficient reasons are urged to warrant a departure from the rule in the case cited, we will allow the motion."

Barbre v. Goodale, 28 Or. 465, 38 Pac. 68: The court, citing both the above-mentioned cases, allowed the appellants to file the service of the notice of appeal, which appeared by affidavits to have been served by the deputy marshal but in some way not attached to the notice of appeal, nor filed in the justice court, or at least it was not in the files containing the transcript, though later appearing. While the proof of the service was ordinarily imperfect, the court said, under the decisions in the two cases, supra, the appellant should be allowed to amend the return to conform to the fact. The court then proceeds to distinguish the Oregon decisions which hold to a contrary doctrine, particularly the cases of Briney v. Starr, 6 Or. 207; Henness v. Wells, 16 Or. 266, 19 Pac. 121. Said the court:

"In neither of these cases was there any proof or attempted proof of service so filed, and there was therefore nothing to amend, while in the case at bar there was an alleged, though imperfect, proof of service filed with the notice, and hence the case comes within the rule announced in the two cases first cited. * * * We think, therefore, the motion to dismiss the appeal should be overruled and the cross-motion to amend allowed."

Briney v. Starr, supra: Notice of appeal was filed on July 2, 1870, from a judgment obtained on June 28th preceding. Sixty days allowed under the Oregon statute to serve and file notice of appeal. On September 3d of the same year, an attorney for the appellant filed an affidavit that on July 2d he served a notice on one of the attorneys for the respondent. This affidavit was attached to the notice. The attorney for the respondent filed counter affidavits denying the service, and filed a motion based thereon for a dismissal of the appeal. Prim, C. J., held:

"In this case, the time within which an appeal must be taken had expired before any service appeared upon the papers, and we hold that, without any leave obtained below, the act of the attorney was unauthorized and of no effect; and, no proof of proper service existing, the appeal is dismissed."

Henness v. Wells, supra: In this case the service of the notice of appeal was attempted to be placed on the notice at least six days after the filing of the notice in the justice court. Said the court:

"The filing of such a notice without the requisite proof of service indorsed is ineffectual for any purpose."

The appeal was dismissed, and judgment of the lower court affirmed.

Then follows the case of Rodman v. Manning, 50 Or. 506, 93 Pac. 366, which, as was the case of Briney v. Starr, was not an appeal from a justice court, but cites the case last above mentioned, and denied an amendment in the appellate court to show the fact of an actual service had on the respondents in due time, though the indorsement of the service on the notice was dated 30 days later than the date of the notice. The court held, citing Oliver v. Harvey, 5 Or. 360, and Wolf v. Smith, 6 Or. 22, that:

"The service and filing of the notice of appeal are indispensable in order to give this court jurisdiction, and cannot be waived by the parties."

The attempt here was to show a personal service upon one of the attorneys for the respondent two days after the filing of the notice of appeal. Motion to dismiss was granted.

Thus it will be seen that local Oregon cases can be readily distinguished and reconciled, to the extent that an amendment of the service of the return, in a notice of appeal from a justice court, may be had in the appellate court, to conform to the facts showing a valid service, if made in proper time, although an imperfect or defective return be filed.

And thus the imperfect return made in this case, upon the cross-motion of the attorney for the appellant, may be amended to show the facts set out in the affidavit of the attorney for the appellant; that the notice of appeal was served in this

action by leaving a copy in the office of the attorney for the respondent, in a conspicuous place, between the hours of 6 a. m. and 9 p. m. on the 26th day of March, 1912.

Motion to dismiss the appeal denied.