### FRIZZELL v. RYAN.

(First Division.   Ketchikan.   November 18, 1920.)

No. 449–KA.

**Justice of the Peace ⬤⟹160(3)—Appeal and Error.**

When a notice of appeal from a judgment in the justice court fails to describe the judgment as having been entered in any particular case, does not give the amount of the judgment, nor otherwise indicate the nature thereof, whether it be for money or for possession of property or something else, it is insufficient, and will be dismissed on motion.

C. H. Sundmacher, of Anchorage, for plaintiff appellee.

F. E. Butler and C. H. Cosgrove, of Ketchikan, for defendant appellant.

JENNINGS, District Judge.   The above-named appellee has made a special appearance, and moved that the court dismiss the appeal and affirm the judgment, with costs, "upon the ground that the notice of appeal fails to identify and specify with sufficient certainty the judgment appealed from."

The notice of appeal in this case is directed, "To John T. Reed, United States Commissioner and Ex Officio Justice of the Peace, Hyder Precinct, and C. H. Sundmacher, Attorney for Plaintiff," and is as follows, to wit:

"You will please take notice that the defendant in the above-entitled action hereby appeals to the district court for the First judicial division, territory of Alaska, from the judgment entered in the said commissioner's court on the 18th day of August, 1920, in

⬤⟹See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

favor of said plaintiff and against said defendant and the whole thereof. This appeal is taken on questions of both law and fact. F. E. Butler, Atty. for Defendant."

There is attached to the notice of appeal the following certificate:

"I hereby certify that I served the above notice upon C. H. Sundmacher, attorney in the above-entitled action, this 20th day of August, 1920.
                    "F. E. Butler, Atty. for Defendant."

Said notice containing said certificate was filed with the commissioner on said August 20, 1920.

In the case of Weitzman v. Handy, 1 Alaska, 658, Hon. Melville C. Brown, a former judge of the first division of this court, in passing upon the sufficiency of notices of appeal said:

"The notice of appeal provided by our statute is in the nature of a process whereby this court obtains jurisdiction of cases appealed; that is, the giving of the notice is a preliminary step to be taken, and, if followed by other steps required by law, this court thereby obtains jurisdiction of the case. Being in the nature of a process, it should, I think, as clearly describe the parties, the nature of the judgment sought to be appealed from, the date on which such judgment was entered, the court in which entered, and the court to which appeal is taken, as a summons is required to indicate the nature of the action, the court in which brought, the parties to the action, and the amount sued for, when issued from the district court."

He further said, on page 663 of the said report:

"Let it then be clearly understood hereafter that notices of appeal to this court must be entitled in the proper court, must be directed to the adverse party, must so identify or refer to the judgment that this court will be able to identify the judgment from the notice, and must contain the date of the judgment, and the names of the parties plaintiff and defendant, all of which must be in clear and unmistakable language. Where a money judgment is sought to be appealed from, the notice should state the amount of such judgment. If the judgment is for the possession of personal property, the notice should so state. If it is for the possession of real property, as in action of forcible entry and detainer, the notice should indicate the character of the action and the judgment. Indeed, I am of the opinion that the notice given in the case of Neppach, Administrator, v. Jordan, passed upon by the Supreme Court of Oregon (10 Pac. 341, 23 Am. St. Rep. 145), is one that may well be followed by all attorneys in this jurisdiction. I would add to that notice only one ingredient: Where it is a money judgment,

the amount for which judgment was given should be stated in the notice."

This decision of Judge Brown was followed by Judge Moore, of the Second division of Alaska, in the case of Kingsbury v. Pacific Coal & Transportation Co., 3 Alaska, 41, in a very elaborate opinion, reviewing many authorities. In the last-mentioned case, as in the case at bar, the point was raised that the court should be somewhat liberal in construing notices of appeal from justice of the peace courts, and in that connection the learned justice says:

"A notice of appeal from a commissioner's court is a species of judicial process. * * * whose sufficiency must appear to the court on its face. The notice of appeal must be adequate, and there must be proper service thereof, or this court acquires no jurisdiction of the person. In these particulars the notice bears a strong resemblance to a summons. The statute requires that in an action for the recovery of money or damages the summons shall state what sum judgment shall be taken for upon default, and in other actions the summons must state that upon default of the defendant to answer the plaintiff will apply for the relief demanded. * * * There is no reason why the process which summons the defendant into the commissioner's court should designate the judgment that will be taken upon default, while the process which brings the respondent into this court upon appeal and begins a proceeding de novo should be less specific. The purpose of the notice of appeal is to apprise the respondent of the institution of the appeal in a particular case. In passing upon a motion of this kind the court cannot consider any supposed actual knowledge alleged to exist in the mind of the respondent as to an action previously tried in the commissioner's court as supplementing in any manner the facts set forth in the notice of appeal."

In the case at bar the notice of appeal does not describe the judgment as having been entered in any particular case, nor does it give the amount of the judgment nor otherwise indicate the nature of the judgment, whether it be for money or for possession of property or something else. Under the authorities cited and the cases cited in said authorities, the motion to dismiss will have to be sustained; and it is so ordered.