250

**C. J. WIELAND & SON DAIRY PROD-
UCTS CO., Inc., v. WICKARD, Secre-
tary of Agriculture.**

Civil Action No. 1335.

District Court, E. D. Wisconsin.

Feb. 20, 1945.

Arthur Seelig, of Chicago, Ill., for plaintiff.

Timothy T. Cronin, U. S. Atty., of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

This is an action brought under 7 U.S.C.A. § 608c(15) (B) to review a ruling of the Secretary of Agriculture. This section provides in part: "The District Courts of the United States * * * in any district in which such handler is an inhabitant, or has his principal place of business, are hereby vested wth jurisdiction in equity to review such ruling, provided a bill in equity for that purpose is filed within twenty days from the date of the entry of such ruling. Service of process in such proceedings may be had upon the Secretary by delivering to him a copy of the bill of complaint. * * *"

The complaint herein was filed on December 30, 1943, and was accompanied by a written request of the plaintiff's attorney to the clerk of this court that no summons be issued, such request reciting, "* * * the marshal to serve the defendant by mailing a copy of the Complaint in said action to said defendant." No summons was therefore issued, and no proof of mailing is on file. It is conceded that defendant received a copy of the complaint, and that no other service was made or attempted.

In his answer the defendant asserts absence of jurisdiction because (a) a summons was not issued, and (b) service was not made of a copy of the complaint and of the summons as required by Rule 4(d) (4) and (5), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Jurisdictional defenses of this character may be set forth in a responsive pleading along with defenses on the merits, without waiving the former. Rule 12(b), Federal Rules of Civil Procedure; Blank v. Bitker, 7 Cir., June, 1943, 135 F.2d 962, 966. The issue in this connection is now before the court on plaintiff's motion to strike these de-

fenses. While further motions to strike are made by the plaintiff, they need not be considered in view of the decision required with reference to the motions challenging the jurisdictional defenses noted.

It is the plaintiff's contention that such mailing of a copy of the complaint complied with 7 U.S.C.A. § 608c(15) (B) and therefore was sufficient. On the other hand, the defendant contends that such method of service is no longer valid because the different method of service prescribed by Rule 4(d) (4) and (5), Federal Rules of Civil Procedure, is controlling and exclusively applicable.

Briefly stated, the rules require (in addition to the issuance of a summons) that the defendant be personally served by delivery to him of a copy of the complaint and of the summons, that the same be sent by registered mail to the Attorney General, and that the same be delivered also to the United States Attorney for the Eastern District of Wisconsin or to his agent for service.

■ The defendant supports his contentions by citation of the Notes of the Advisory Committee on Rules for Civil Procedure, which notes with reference to Rule 4(d) (4) and (5) set forth that such rule provides "a uniform and comprehensive method of service for all actions against the United States or an officer or agency thereof"; that statutes providing for such service including the one authorizing this action "are modified in so far as they prescribe a different method of service or dispense with the service of a summons." While persuasive, the Advisory Committee's notes cannot be accepted as authority. To do so would involve a disregard of the limitation and qualification in that respect imposed by the committee.

After indicating that the notes in final form represent the product of several revisions, the committee's introductory statement declares: "Statements in the notes about the present state of the law, or the extent to which existing statutes have been superseded by or incorporated in the rules, should be taken only as suggestions and guides to source material. Such statements, and any other statements in the notes as to the purpose or effect of the rules, can have no greater force than the reasons which may be adduced to support them. The notes are not part of the rules, and

t' Supreme Court has not approved or c erwise assumed responsibility for them. y have no official sanction, and can ha no controlling weight with the courts, when applying the rules in litigated cases." (Rules of Civil Procedure for the District Courts of the United States, with Index and Notes, 1939, Senate Document No. 101, p. 215)

Such disclaimer by the Advisory Committee as to the authoritative character of its notes is sufficient explanation why this court need not accept them as sufficient support of the defendant's position.

■ That the rules, however, upon taking effect shall have controlling force and exclusive application according to their provisions is provided for by the Rules Enabling Act of June 19, 1934, 48 Stat. 1064, 28 U.S.C.A. §§ 723b and 723c, the text of which in so far as applicable reads: " * * * the Supreme Court of the United States shall have the power to prescribe, by general rules, for the district courts of the United States and for the courts of the District of Columbia, the forms of process, writs, pleadings, and motions, and the practice and procedure in civil actions at law. Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant. They shall take effect six months after their promulgation, and *thereafter all laws in conflict therewith shall be of no further force or effect.*" (Italics supplied.)

■ The rules went into effect on September 16, 1938. They then acquired the force of federal statutes "controlling all district courts." Sibbach v. Wilson & Co., 312 U.S. 1, 13, 61 S.Ct. 422, 426, 85 L.Ed. 479. Since that date all conflicting laws ceased to have further force and effect. As was said in John R. Alley & Co., Inc., v. Federal National Bank, 10 Cir., 124 F.2d 995, 998: "If there is a conflict between the procedure provided for in the statute for the enforcement of the right created thereby and that provided for in the New Rules of Civil Procedure, the former must yield to the latter, because the Congressional authority under which the new rules were adopted expressly provides that after they become effective any laws in conflict therewith are of no further force or effect. * * *" To the same effect: United States to Use and For Benefit of Foster Wheeler Corporation v. American Surety Co. of New York, D.C., 25 F.Supp. 700, 702.

In this connection I have considered Lynn v. United States, 5 Cir., 110 F.2d 586, and Mount Tivy Winery, Inc., v. Lewis, D.C., 42 F.Supp. 636, holding that the Rules of Civil Procedure have no application to actions under the Tucker Act. Even though these holdings can be limited to cases involving the Tucker Act, they have questioned and adversely criticized. See Advisory Committee's Preliminary Draft of Proposed Amendments to Rules of Civil Procedure, May 1944, note, pp. 114–116.

█ I hold that the Federal Rules of Civil Procedure control and apply in so far as this action is concerned, and that the failure to issue summons and to effect service as prescribed by Rule 4(d) (4) and (5) requires denial of the plaintiff's motion to strike the first and second defenses set forth in the answer. Accordingly, the service attempted herein will be quashed.

██ Such action, however, will not require the dismissal of the action. Under Rule 3, Federal Rules of Civil Procedure, by the filing of the complaint the action was duly commenced and, so commenced, still is pending. The rights accruing to the plaintiff upon the commencement of the action should be preserved, since it is still in the preliminary stage. Certainly the plaintiff proceeded in good faith under a statute which it believed to be still in effect. It has merely developed that the plaintiff, procedurally speaking, took the wrong steps after the action was commenced. Incidentally, the clerk omitted to issue summons as required under Rule 4(a).

In my opinion the court is authorized under Rule 4(h) to allow the necessary procedural amendments in order that the merits of the plaintiff's claim may be adjudicated. Rule 4(h) provides: "At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

█ It will be noted that under the rule the power to allow amendments is not limited in point of time and that it exists with reference to "any process," which manifestly includes such as is legally defective. The power to amend, however, is limited. As observed in Gagnon v. United States, 193 U.S. 451, 456, 24 S.Ct. 510,

511, 48 L.Ed. 745, the power to amend "* * * must not be confounded with the power to create. It presupposes an existing record, which is defective by reason of some clerical error or mistake, or the omission or some entry which should have been made during the progress of the case, or by the loss of some document originally filed therein. The difference between creating and amending a record is analogous to that between the construction and repair of a piece of personal property. * * *" In Farm Mortgage & Loan Co. v. Willett, D.C., 285 F. 42, 44, it is said: "* * * the power * * * to amend or correct relates to an existing record only. * * *" As so defined, the power of amendment exists under the rules of civil procedure. Sweeney v. Greenwood Index-Journal Co., D.C., 37 F.Supp. 484, 487.

█ The record in this action discloses the existence of defective process. It consists of the plaintiff's complaint, which was "process" under 7 U.S.C.A. § 608c(15) (B) where it is stated, "* * * Service of process * * * may be had * * * by delivering * * * a copy of the bill of complaint. * * *" The procedure employed by the plaintiff was merely erroneous at the time it was taken. In other words, the procedure would have been good on September 15, 1938, but not on September 16, 1938, or thereafter. And it may be claimed that a measure of fault or omission exists due to the failure to issue a summons, regardless of the request not to do so. The existing record affords an adequate basis upon which to allow amendments under the rule, particularly since the action was timely commenced and is still in its preliminary stage and since no new cause of action is contemplated or new parties are to be brought into the action. I find that the allowance of such amendments will work "no material prejudice" to the substantial rights of the defendant.

█ Rule 4(a), which permits the issuance of separate or additional summons to cure defects in service, also has application in the circumstances. Dehne v. Hillman Investment Co., 3 Cir., 110 F.2d 456, 457.

█ It should be noted that, aside from service on the Attorney General and United States Attorney as prescribed, the rule requires personal service on the defendant.

Massachusetts Farmers Defense Committee v. United States, D.C., 26 F.Supp. 941, 942.

An order will be entered denying the motions to strike considered herein and authorizing, by way of amendment, the issuance of proper summons in this action, whereupon the plaintiff shall diligently cause due and sufficient service of the summons and of the complaint to be made. The order will further provide that ensuing proceedings, including defendant's answer, shall proceed according to law, and it will provide further, since it is contemplated the defendant shall answer anew after legal service, that the remaining motions to strike be denied without prejudice.