**PADDY v. MARTIN et al.**

No. 6329-A.

United States District Court
D. Alaska. First Division.

Dec. 19, 1950.

John C. Dunn, Juneau, Alaska, for petitioner.

Wm. L. Paul, Jr., Juneau, Alaska, for respondent.

FOLTA, District Judge.

Appellee's motion for dismissal of the appeal from a judgment of the Justice Court for Juneau Precinct, presents the question whether the notice of appeal is sufficient under Weitzman v. Handy, 1 Alaska 658; Kingsbury v. Pacific Coast & Transp. Co., 3 Alaska 41; Markuson v. Clark, 4 Alaska 606; Frizzell v. Ryan, 6 Alaska 316.

Appellant contends that *stare decisis* does not require blind adherence to these ancient precedents and that the question should be re-examined in the light of the reformed procedure and its avowed purpose to further justice by freeing litigation of some of its fetters. Appellee contends that the question is foreclosed by these decisions, which analogize the notice of appeal to a summons so far as its requisites are concerned by requiring that a notice, (1) Be entitled in the proper court; (2) Be directed to the adverse party; (3) Give the date on which the judgment appealed from was rendered; (4) Identify the parties; and (5) Indicate the character of the action and of the judgment appealed from.

It is undisputed that the notice here involved lacks the 2nd, 3rd and 5th particulars.

 Section 68-9-4, A.C.L.A. 1949, provides:

"An appeal is taken by serving a notice thereof on the adverse party or his attorney and filing the original, with the proof of service indorsed thereon, with the justice, and by giving the undertaking for the costs of the appeal as hereinafter provided.

"Provided that service and filing of a written notice of appeal may be dispensed with if at the time the decision is rendered or the judgment is entered the aggrieved party gives oral notice in open Court, when the adverse party is present, that he appeals to the District Court from the judgment of the Justice Court."

The proviso, added in 1925, five years after the rendition of the latest of the decisions cited, does away with the requirement held essential in Weitzman v. Handy, 1 Alaska 658, 663, that the description of the judgment in the notice of appeal be such as to enable this Court to identify the judgment, even though recourse to the transcript itself may now be necessary. To this extent, therefore, the decisions cited, the rationale of which is that the requisites of a summons should be embodied in a notice of appeal, are no longer precedents. Moreover, the contention of appellee is not only incompatible with the spirit and purpose of the Federal Rules of Civil Procedure, 28 U.S.C.A., but also untenable under Rule 4(h), which permits the Court to allow any process or proof of service thereof to be amended unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued. It would, therefore, appear that, since the summons may be amended at any time, the basis for the rule laid down in the decisions cited—the asserted analogy of a notice of appeal to a summons—no longer exists and the burden of showing prejudice is, as in all other cases, placed on the party asserting it. No such prejudice has here been shown and it is not perceived how it could be shown. In this posture of the case, it would clearly further justice to hold the notice sufficient by reference to the transcript or by way of amendment.

These and other considerations of policy, in my opinion, override any argument that may be made in support of an ancient and artificial formula reminiscent of a period when one false move would put the litigant out of court, and require me to hold that the notice of appeal is sufficient.