## HOEFFLER v. GRAY.
### Civ. No. 27594.

United States District Court
N. D. Ohio, E. D.
Dec. 20, 1950.

Willis T. Barber, Cleveland, Ohio, for plaintiff.

Don C. Miller, Dist. Atty., Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is a declaratory judgment action by the widow of a World War veteran against Carl R. Gray, Jr., Administrator of Vet-

erans' Affairs, in which plaintiff seeks a decree of this court finding that she, as a veteran's widow, is entitled to benefits made and provided in Title 38 U.S.C.A. § 701 et seq. Defendant moves to dismiss.

Service was made by serving the U. S. Attorney for this District and mailing a copy of the summons to the Attorney General in Washington.

It seems quite clear that service of process may not be had upon the defendant from any district court other than the one of the district of his official residence. Klein v. Hines, D.C., 1 F.R.D. 649; Love v. Royall, 8 Cir., 179 F.2d 5. Since defendant's official residence is Washington, this court is unable to obtain jurisdiction over him.

Even if jurisdiction could be acquired, proper service was not made. Rule 4(d) (5), Fed.Rules Civ.Proc. 28 U.S.C.A., requires that service upon an officer of the United States be made by delivering a copy of the summons and complaint to such officer. This was not done in this action and for this reason also the court lacks jurisdiction.

The other two grounds of the motion appear to be well taken but inasmuch as the court lacks jurisdiction on the above grounds, it is not thought necessary to discuss them.

Motion to dismiss granted.