**FROST et al. v. EWING, Federal Security Administrator.**

**Civ. No. 10535.**

United States District Court
W. D. Pennsylvania.

Jan. 21, 1953.

No appearance for plaintiff.

Irwin A. Swiss, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This matter comes before the Court on a motion to quash the return of service of the summons and complaint in an appeal from a decision of the Federal Security Administrator.

·Notice of the final decision of the Administrator was sent to the plaintiffs, by registered mail, on March 20, 1952, which notice also specifically advised the plaintiffs to the effect that if they disagreed with said decision and desired a review thereof, they could within sixty days from that date file a civil action in conformity with Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g).

The administrator contends that no service of process has been effected as governed by Rule 4(d) (4, 5) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Rule 4(d) (4, 5).

The return shows a purported service of process upon one Mrs. Erma L. Merydith, an employee at a field office of the Social Security Administration in the Fulton Building, Pittsburgh, Pennsylvania.

Rule 4(d) (5) provides that service of the summons and complaint shall be made "Upon an officer or agency of the United States, by serving the United States and by delivering a copy of the summons and of the complaint to such officer or agency."

Rule 4(d) (4) provides for service "Upon the United States, by delivering a copy of the summons and of the complaint to the United States attorney for the district in

which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered mail to the Attorney General of the United States at Washington, District of Columbia, * * *."

There has been no service of process upon the United States Attorney or any agent designated by the United States Attorney, nor upon the Attorney General by registered mail or otherwise. Mission Beverage Co. v. Porter, D.C., 72 F.Supp. 568; C. J. Wieland & Son Dairy Products Co. v. Wickard, D.C., 4 F.R.D. 250; Federal Landlords Committee v. Woods, D.C., 9 F.R.D. 622.

Nor has service of process been made upon the Federal Security Administrator.

▉ Rule 4(d) (5) requires personal service upon the Federal Security Administrator, in addition to serving the United States Attorney and sending copies by registered mail to the Attorney General. Massachusetts Farmers' Defense Committee v. United States, D.C., 26 F.Supp. 941, 942; C. J. Wieland & Son Dairy Co. v. Wickard, supra; Hoeffler v. Gray, 11 F.R.D. 204.

▉ The Administrator further presses the argument that plaintiffs have failed to commence suit within sixty days from the date of the mailing of the Administrator's decision.

Section 405(g) of 42 U.S.C.A. provides in part as follows:

"Any individual, after any final decision of the Administrator made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Administrator may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, * *. As part of his answer the Administrator shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Administrator, with or without remanding the cause for a rehearing. The findings of the Administrator as to any fact, if supported by substantial evidence, shall be conclusive, * *."

It appears that the adverse determination was mailed March 20, 1952 and that plaintiffs filed their complaint May 20, 1952, or that plaintiffs deviated one day from the required date of filing.

Since the plaintiffs are in the twilight of life with the accompanying infirmities which such advanced age inevitably brings on, and since plaintiffs are proceeding without advice of legal counsel, the Court has secured the assistance of the Department of Justice in making inquiry of the Federal Security Agency relative to any substantial merit in plaintiffs' complaints.

The information made available has convinced me that no substantial injustice would result in the denial of plaintiffs' appeal.

Even if the Court were to grant such appeal, it is to be noted that the findings of the Administrator as to any fact, if supported by substantial evidence, would be conclusive, and that a hearing de novo would not be entertainable.

Furthermore, the Act extends no discretion to the Court in waiving the sixty day limitation in effecting an appeal.

Accordingly, for failure of plaintiffs to secure proper service of process, and for failure to commence suit within sixty days from the date of the mailing of the Administrator's decision, motion to quash the return of service of the summons and complaint is granted.

An appropriate Order is entered.