**Martha BRYSON, Plaintiff,**

v.

**AMERICAN STEEL AND WIRE DIVISION OF UNITED STATES STEEL CORPORATION et al., Defendants.**

**Civ. A. No. 69–C–429.**

United States District Court, E. D. Wisconsin.

May 15, 1972.

**4**

Berwyn B. Braden, Lake Geneva, Wis., for plaintiff; Odom & Dendy, Millen, Ga., of counsel.

Steven E. Keane and John R. Collins, Milwaukee, Wis., for defendant United States Steel Corp.

James W. Lane, Milwaukee, Wis., for defendant J. C. Theilacker Co.

## OPINION AND ORDER

REYNOLDS, Chief Judge.

This is a products liability suit, jurisdiction of this court being grounded upon diversity. One of the defendants, United States Steel Corporation ("U. S. Steel"), has moved to dismiss alleging insufficient service of process. Plaintiff and defendant J. C. Theilacker Company oppose the motion. In addition, the plaintiff has moved to amend service of process.

On September 19, 1967, Martha Bryson's husband was fatally injured as an alleged result of allegedly defective cable. On August 22, 1968, Mrs. Bryson filed suit in the Georgia state court against Bethlehem Steel Corporation, believing it to be the manufacturer of the cable. On December 21, 1968, Mrs. Bryson's attorney died in a plane crash. As this attorney was a sole practitioner, there was necessarily some delay in further discovery and testing of the cable. Just prior to August 1969, it was discovered while the cable was being tested that the cable was manufactured by U. S. Steel (U. S. Steel's tag being underneath the cable covering which was removed during the testing process).

In August of 1969 the suit against Bethlehem Steel Corporation was dismissed. One month later the instant action was commenced. U. S. Steel answered the complaint alleging in part improper service under Wisconsin law in that, it is argued, the registered agent of U. S. Steel upon whom service was made was not a proper agent for this particular action. Subsequently Mrs. Bryson, while not conceding improper service, moved to amend the service of process in a manner which would resolve the dispute. I decide only plaintiff's motion to amend.

Rule 4(h) of the Federal Rules of Civil Procedure states:

"At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

U. S. Steel urges against allowing an amendment of process because (1) this

suit was commenced shortly before the running of an applicable statute of limitations; (2) plaintiff delayed in bringing the motion to amend; and (3) U. S. Steel's ability to ascertain the facts surrounding the complaint would be hindered by amendment due to excess passage of time.

Plaintiff replies (1) that the facts demonstrate that she has not been lax in prosecuting this suit; (2) that she does not concede service of process was improper, but even assuming such, then the statute of limitations at issue would only bar the negligence cause of action, leaving suit for breach of warranty available; and (3) that by her motion she is not attempting to add either a new cause of action or party and that U. S. Steel has been a full participant in this action since its inception.

I am of the opinion that plaintiff's motion to amend should be granted. C. J. Wieland & Son Dairy Products Co. v. Wickard, 4 F.R.D. 250 (E.D.Wis.1945); Annotation, 2 A.L.R.Fed. 513 (1969).

It is therefore ordered that plaintiff's motion to amend service of process be and it hereby is granted.