Michele SMITH et al., Plaintiffs,

v.

Ernest L. BOYER et al., Defendants.

No. Civ. 75–322.

United States District Court,
W. D. New York.

Dec. 15, 1977.

Regulation 535.3(g) was issued pursuant to section 6450 of the Education Law (N.Y. Educ. Law (McKinney 1972)) and is part of an overall regulatory scheme governing the maintenance of public order on the premises of state-operated institutions of the State University of New York. 8 N.Y.C. R.R. 535.1 *et seq.*

Defendants have moved to dismiss the complaint, arguing that (1) plaintiff failed to serve any papers on defendants Clark and Jones and, therefore, did not acquire personal jurisdiction over them; (2) process was insufficient due to the lack of a summons; and (3) the court did not acquire personal jurisdiction over defendants Toll, Barrington, Coffman, Laffin and Maguire because of defects in the manner of service. Plaintiffs do not contest dismissal of their complaint with respect to defendants Clark and Jones.[1]

Richard J. Lippes, Sargent & Lippes, Buffalo, N.Y., for plaintiffs.

Michael F. Colligan, Asst. Atty. Gen., N.Y.S. Dept. of Law, Albany, N.Y., for defendants; Louis J. Lefkowitz, Atty. Gen., of the State of New York, New York City, of counsel.

ELFVIN, District Judge.

This action was instituted by the presidents of the student governments at various colleges and universities of the State University of New York. Plaintiffs bring this action in both their individual and representative capacities. Plaintiffs challenge regulation 535.3(g) of the New York Code of Rules and Regulations ("N.Y.C.R.R."), which was issued by the Board of Trustees of the State University of New York. Plaintiffs contend that the regulation violates their First and Fourteenth Amendment rights to free speech and free assembly because it places a "chill" over the exercise of those rights. They invoke this court's jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Plaintiffs seek both injunctive and declaratory relief.

■ Failure to serve a defendant with a summons is considered a defect in process which may be cured by applying to the court for relief under rule 4(h) of the Federal Rules of Civil Procedure. Such rule permits a court, in its discretion, to allow any process or proof of service of process to be amended. This provision has been liberally construed in order that litigants may have their days in court. *Bryson v. American Steel and Wire Div. of U.S. Steel Corp.*, 55 F.R.D. 3 (E.D.Wis., 1972); *Davis v. Flemming*, 23 F.R.D. 139 (W.D.Mo., 1959); *Paddy v. Martin*, 94 F.Supp. 367, 13 Alaska 114 (1950); *Wieland v. Wickard*, 4 F.R.D. 250 (E.D.Wis., 1945). The power extends to any process, including that which is legally defective, and the court may order the amendment at any point in time. *Wieland v. Wickard, supra.*

■ The court may not grant the amendment, if "material prejudice would result to the substantial rights of the party against whom the process issued." Fed.R.Civ.P. rule 4(h). In cases where the defendant has received actual notice of the suit and, in

---

1. Plaintiffs addressed a letter to the court, dated September 17, 1975, so stating.

particular, notice of the facts upon which the complaint is based, no prejudice would result by allowing an amendment to cure defects in process. Courts have been willing to construe the term "amendment" broadly once they have determined that there will be no prejudice to the defendant (Annot., 2 A.L.R.Fed. 513 (1969)) and the term has been held to include the issuance of a summons to cure a defect in process. *Wieland v. Wickard, supra.*

■ Defendants in the instant case were served with an order to show cause, a complaint and an affidavit. They were given notice of both the action and the facts giving rise to plaintiffs' complaint. Defendants would not be prejudiced if the court granted plaintiffs the right to amend process by obtaining a summons and serving it on the defendants. As the court stated in *Wieland v. Wickard*, the complaint commences the action and the proper remedy for defects in process is to quash the old service and to allow plaintiff to serve the defendant anew. However, the court has discretion in this area, *Frost v. Ewing*, 13 F.R.D. 432 (W.D.Pa., 1953) and, if the service of a new summons would be an exercise in futility, the right to do so should be denied.[2]

■ Plaintiffs have asked for an injunction against enforcement of the regulation. Although they did not explicitly request the convening of a three-judge court, it is my duty "to determine the propriety of a three-judge court, and to initiate the procedure if one is required." Nielsen, *Three Judge Courts: A Comprehensive Study*, 66 F.R.D. 495, 506 (1975). *See also Borden Co. v. Liddy*, 309 F.2d 871 (8th Cir. 1962). There are three requirements that must be met before a three-judge court will be convened. First, the complaint must allege facts giving rise to a substantial federal claim. Second, the complaint must demonstrate a basis for granting equitable relief. Finally, the regulation must be one of statewide application. *Idlewild Liquor Corp. v. Epstein*, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); *Nielsen, supra*, at 500. Plaintiffs in the instant case have failed to meet the second requirement.

■ The complaint makes no allegations of fact upon which this court could base the convening of a three-judge court. It states that plaintiffs "have good reason to believe that their rights of free speech [and] free assembly . . . will continue to be infringed, chilled, threatened, impeded and otherwise interfered with." However, no facts are alleged to support this statement. Plaintiffs do not state how their rights were infringed in the past, or how they will be interfered with in the future. They also claim that they will suffer irreparable injury, but do not support this assertion with any factual allegations.

Because plaintiffs have failed to show that they are entitled to injunctive relief, a three-judge court should not be convened.

Plaintiffs have also asked for a declaratory judgment.[3] It is my opinion that plaintiff is not entitled to a declaratory judgment because the complaint does not set forth a justiciable controversy.

Article III courts are forbidden by the constitution from deciding abstract questions; they may only resolve cases or controversies. There are no precise methods of determining when a suit presents an actual controversy. "[T]he question in each case is whether *the facts alleged*, under all the

---

**2.** Defendants also argue that the defects in the manner of service require dismissal of the complaint with respect to defendants Toll, Barrington, Coffman, Laffin and Maguire. If plaintiffs had been permitted to cure the defect in process by re-serving the defendants, the defects in the manner of service would also have been cured. In addition, Fed.R. of Civ.P. rule 4(a) allows a court to order additional summonses to be served. This rule has been used in cases where the manner of service has been held to be defective. *Hill v. W. Bruns & Co.*, 498 F.2d 565 (2d Cir. 1974); *Grammenos v. Lemos*, 457 F.2d 1067 (2d Cir. 1972). If plaintiffs were entitled to relief, defendants' motion would be denied.

**3.** The declaratory judgment act does not require the convening of a three-judge court. *See* 28 U.S.C. §§ 2201, 2202. *See, also, Nielsen, Three Judge Courts: A Comprehensive Study*, 66 F.R.D. 495, 511 (1975).

circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). (Emphasis added.)

 Although the declaratory judgment act was passed so that plaintiffs would not have to violate a statute in order to attack its constitutional validity, the mere existence of a statute or regulation does not raise a justiciable controversy. *National Student Association v. Hershey*, 134 U.S.App.D.C. 56, 412 F.2d 1103 (1969). Plaintiffs must demonstrate that they intend to engage in the proscribed conduct and that the officials charged with the regulation's enforcement have threatened to use sanctions against the plaintiffs if they do engage therein. *Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974); *Thoms v. Heffernan*, 473 F.2d 478 (2d Cir. 1973); *National Student Association v. Hershey, supra*; *Wolff v. Selective Service Local Board No. 16*, 372 F.2d 817 (2d Cir. 1967). Without such showing, a legal proceeding cannot be considered ripe for judicial attention. Plaintiffs have failed to allege facts sufficient to meet this burden.[4]

Based on the foregoing, plaintiffs are not entitled to either a declaratory judgment or an injunction. Allowing plaintiffs to cure the defects in process would serve no useful purpose. The original process was defective and should be quashed.

It is therefore hereby

Ordered that the process be quashed and that the complaint be dismissed with respect to all the defendants.

---

4. At oral argument, plaintiffs stated that there were no facts in issue and that the questions involved were purely questions of law.