CAMBRIDGE MUTUAL FIRE INSURANCE CO., Liberty Mutual Fire Insurance Co., Maryland Casualty Co., and New Hampshire Insurance Co., Plaintiffs,

v.

CITY OF CLAXTON, GEORGIA, a Municipal Corporation, Defendant.

Civ. A. No. CV482–70.

United States District Court,
S.D. Georgia,
Savannah Division.

Nov. 29, 1982.

---

Fred Clark, Malberry Smith, Jr., Savannah, Ga., for plaintiffs.

William E. Callaway, Jr., and Ronald W. Hallman, Claxton, Ga., for defendant.

## ORDER

BOWEN, District Judge.

This litigation arises out of an explosion which occurred on November 23, 1972, at a

poultry plant in Evans County, Georgia. The plaintiffs allege that the explosion resulted from the negligent overpressurization of natural gas which was supplied to the Claxton Poultry Company, Inc. by the defendant City of Claxton. On March 10, 1982, the defendant filed a motion to dismiss this action. Among the grounds cited in support of that motion was that the plaintiffs had served the defendant in a defective manner. *See* Rule 12(b)(5), Fed. R.Civ.P.

Upon the filing of this action, service was made by certified mail addressed to Perry Lee Deloach, Esq., Mayor, City of Claxton. Rule 4(d)(6), Fed.R.Civ.P. provides that service shall be made

> [u]pon a state or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Official Code of Ga.Ann. § 9–11–4(d)(5) (Michie 1982), Ga.Code Ann. § 81A–104(d)(5) (Harrison 1977 & Supp.1981), provides that service upon a municipal corporation shall be made by delivering a copy of the summons attached to a copy of the complaint to "the chairman of the board of commissioners, president of the council of trustees, mayor or city manager of the city, or to an agent authorized by appointment to receive service of process." It is evident that service of process was inadequate in this case.

The basis for the defendant's claim that service of process was insufficient was provided to the plaintiffs in the defendant's answers to plaintiffs' first interrogatories. Those answers were filed on April 22, 1982. Almost six months after the answers were filed, the plaintiffs filed a motion for leave to perfect service. Given this delay, the Court must decide whether the plaintiffs should be permitted to serve additional process in a manner consistent with the requirements of Rule 4(d)(6), Fed.R.Civ.P.

If the plaintiffs are not permitted to perfect service, the defendant's motion to dismiss must be granted.

█ Both the defendant and the plaintiffs argue that Rule 4(h), Fed.R.Civ.P., is the proper rule under which the plaintiffs' motion to perfect service should be decided. Rule 4(h) states: "At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." Despite some authority to the contrary, *see Bryson v. American Steel and Wire Division of United States Steel Corp.,* 55 F.R.D. 3 (E.D.Wis.1972); *C.J. Wieland & Son Dairy Products Co., v. Wickard,* 4 F.R.D. 250 (E.D. Wis.1945), I find that Rule 4(h) applies to defects in process or proof of service but not to defects in *service* of process. *See Witherow v. Firestone Tire & Rubber Co.,* 530 F.2d 160, 166–67 (3d Cir.1976). As the Third Circuit Court of Appeals has recognized, "Rule 4(h) concerns papers: it looks at the face of the process and the face of the proof of service of process—it looks no farther." *Id.* at 167. It is significant that

> [t]he most common occasion for amendment is when plaintiff has made a simple mistake or a technical error that results in a failure to identify defendant properly, such as when a corporation is not dominated by its registered name or defendant's name is misspelled. When the error goes to form rather than substance, as these defects obviously do, and the proper defendant receives the original process, realizes it is directed at him, and thus is put on notice of the commencement of the action, there is no reason why a federal court should refuse to permit amendment.

C. Wright and A. Miller, 4 *Federal Practice and Procedure* § 1131, at 547–48 (1979) (footnotes omitted).

█ This case does not involve a simple mistake or a technical error in process which the plaintiffs seek to cure by amendment. Again, this case deals with defective

*service* of process. Moreover, while notice may be the primary consideration in cases concerning technical defects in process or proof of service of process, the controlling point in cases such as the present one involving service of process is whether process was served as required by controlling substantive law. *Witherow,* 530 F.2d at 166. Regardless of notice, if the defendant, a municipal corporation, was not properly served by some method allowed by Rule 4(d)(6), Fed.R.Civ.P., the plaintiffs' complaint is subject to dismissal pursuant to Rule 12(b)(5), Fed.R.Civ.P.

▮ While I find that Rule 4(h) is not properly invoked under the facts of this case, the plaintiffs' motion may still prevail if some other rule or mechanism will allow them to perfect service of process. Rule 4(a), Fed.R.Civ.P., which allows a court to order additional summonses to be served, has been used in some cases to allow a plaintiff to cure defects in the manner of service. *See Smith v. Boyer,* 442 F.Supp. 62, 64 n. 2 (W.D.N.Y.1977). The result reached in such cases seems to be correct. As Professor Moore has noted

> Rule 4(a) does not intend that the mere lapse of time between filing the complaint and service of process affects the validity of the service or causes the action to abate. Under the Rules, so long as the action pends, process remains alive until it is effectively served .... If process is served on the wrong person or otherwise improperly served, the action does not die; rather a new summons should be issued and good service attempted.

2 *Moore's Federal Practice* § 4.06–1, at 4–76–78 (2d ed.1982). This liberal interpretation of Rule 4(a) is tempered by the ability of the courts to utilize their discretion pursuant to Rule 41(b), Fed.R.Civ.P. to dismiss an action in which there is an unwarranted delay attributable to the plaintiff[s] in making proper service of process. *Id.* at 4–80.

▮ In this case, the plaintiffs knew or should have known of the defect in their service of process no later than April 22, 1982. Nevertheless, the plaintiffs waited until October 14, 1982, before moving this Court for leave to perfect service. Given the unusual procedural history of this case and the fact that this case deals with events that occurred in 1972, it is particularly important that this matter be prosecuted with due diligence. But for the saving provision of Official Code of Ga.Ann. § 9–2–61 (Michie 1982), Ga.Code Ann. § 3–808 (Harrison 1977 & Supp.1981), this matter long since would have been barred by the applicable statute of limitations. Accordingly, instead of allowing the plaintiffs to perfect service of process under Rule 4(a), I conclude that it is appropriate to dismiss this case on the basis of the plaintiffs' lack of diligence pursuant to Rule 41(b), Fed.R.Civ.P. *See* Local Rule 15.1(c).

▮ As an additional ground for the dismissal of this action, it should be noted that under Georgia law "[w]here an action is filed within the limitation statute, the fact that service is made after the expiration of such statute does not serve to bar the claim as a matter of law." *Hunt v. O'Neal,* 143 Ga.App. 313, 313, 238 S.E.2d 286 (1977); *see Parker v. Kilgo,* 109 Ga.App. 698, 137 S.E.2d 333 (1964). Significantly, however, "[w]here service is belatedly perfected, the trial court may dismiss the action when the delay was caused by laches on the plaintiff's part. Service must proceed with diligence if the statute of limitation is to be tolled by the filing of the action." *Webb v. Murphy,* 142 Ga.App. 649, 650, 236 S.E.2d 840 (1977). In determining whether that statute of limitation is tolled by the mere filing of an action, "the correct test must be whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible." *See Franck v. Ray,* 239 Ga. 282, 236 S.E.2d 629 (1972); *Childs v. Catlin,* 134 Ga.App. 778, 781, 216 S.E.2d 360 (1975). The necessity for a plaintiff to diligently perfect service of process appears to be an integral part of Georgia statute of limitations. *See Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). As such, this aspect of Georgia law governing the limitation of actions is binding upon this

Court in this diversity action. *Id.; Ragan v. Merchants Transfer and Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949).

█ The plaintiffs filed this case under the saving provision of Official Code of Ga.Ann. § 9–2–61 (Michie 1982), Ga.Code Ann. § 3–808 (Harrison 1977 & Supp.1981), which provides that "[i]f a plaintiff shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this section." This case was filed on February 19, 1982, well outside of the applicable four-year statute of limitations for claims for damage to property. The plaintiffs, however, filed this case within six months of the dismissal on September 8, 1981, of their action in the Superior Court of Evans County, Georgia, which raised the same issues as their current suit. Ordinarily, Official Code of Ga.Ann. § 9–2–61 (Michie 1982), Ga.Code Ann. § 3–808 (Harrison 1977 & Supp.1981), would operate to save the plaintiffs from the effect of the four-year limitation. It is evident, however, that the plaintiffs have not exercised reasonable diligence to see that the defendant was properly served. Thus, under Georgia law, the mere filing of this action did not operate to toll the running of the relevant statute, Official Code of Ga.Ann. § 9–2–61 (Michie 1982), Ga.Code Ann. § 3–808 (Harrison 1977 & Supp.1981). More than six months have now passed since the dismissal of the plaintiffs' Evans County action on September 8, 1981. Accordingly, Official Code of Ga.Ann. § 9–2–61 (Michie 1982), Ga.Code Ann. § 3–808 (Harrison 1977 & Supp.1981) will not save the plaintiffs' action, and this case is barred by the applicable Georgia statute of limitations.

For these reasons, this case is hereby DISMISSED.