**CAMBRIDGE MUTUAL FIRE INSURANCE CO., Liberty Mutual Fire Insurance Co., Maryland Casualty Co. and New Hampshire Insurance Co., Plaintiffs-Appellants,**

v.

**CITY OF CLAXTON, GEORGIA, A Municipal Corporation, Defendant-Appellee.**

No. 82–8755.

United States Court of Appeals, Eleventh Circuit.

Dec. 5, 1983.

Fred Clark, Malberry Smith, Jr., Savannah, Ga., for plaintiffs-appellants.

William E. Callaway, Jr., Ronald W. Hallman, Claxton, Ga., for defendant-appellee.

Before HILL and VANCE, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

In this diversity action, plaintiffs-appellants Cambridge Mutual Fire Insurance Co., Liberty Mutual Fire Insurance Co., Maryland Casualty Company, and New Hampshire Insurance Co., as subrogees and assignees of Claxton Poultry Company, Inc. ("Claxton Poultry"), seek to recover property damages from defendant-appellee City of

Claxton, Georgia. Plaintiffs allege that defendant negligently overpressurized natural gas lines leading into the Claxton Poultry plant causing a massive explosion on November 23, 1972. The United States District Court for the Southern District of Georgia, Savannah Division, 96 F.R.D. 175, dismissed the action. We affirm.

## I. BACKGROUND

This action was first brought in the Superior Court of Evans County, Georgia on November 7, 1973. The superior court case was still pending when, on November 22, 1976, the day before the Georgia statute of limitations would have run,[1] an action was filed in federal district court. The district court dismissed the case for lack of diversity jurisdiction.

The superior court case, which had never been dismissed, proceeded to a jury trial that resulted in a judgment in favor of defendant. The Georgia Court of Appeals reversed and remanded for a new trial because of the trial court's failure to give a requested charge. *Claxton Poultry Co. v. City of Claxton,* 155 Ga.App. 308, 271 S.E.2d 227 (1980). On September 8, 1981, plaintiffs voluntarily dismissed the action pending in superior court.

On February 19, 1982, plaintiffs filed a new complaint, which is the basis of this action, in federal district court. A summons was issued on February 19, 1982 and served on defendant on February 23, 1982 by certified mail addressed to and received by the Mayor of the City of Claxton. On March 10, 1982, defendant moved to dismiss on several grounds, one of which was insufficiency of service of process. On April 22, 1982, in defendant's answers to plaintiffs' interrogatories, it stated that service was defective because defendant was served by mail rather than personally. On October 14, 1982, plaintiffs filed a motion asking the court for leave to properly serve a summons on defendant by personal service. On November 24, 1982, the trial court entered an

---

[1]. In Georgia, the statute of limitations for tortious damage to realty and personalty is four years. O.C.G.A. §§ 9–3–30, 9–3–31 (1982) (formerly Ga.Code Ann. §§ 3–1001, 3–1002).

order dismissing the action based on its discretion under Rule 41(b) of the Federal Rules of Civil Procedure, as well as on the ground that under Georgia law service would not relate back to the date the complaint was filed so as to toll the statute of limitations which had by then expired.

## II. DISCUSSION

Although plaintiffs filed their complaint in federal court more than nine years after the cause of action arose, under Georgia law the complaint was not barred by the four year statute of limitations. The Georgia statute provides that a case, which is dismissed and then renewed within six months of the dismissal, shall stand upon the same footing as to the statute of limitations as the original case. O.C.G.A. § 9–2–61 (1982) (formerly Ga.Code Ann. § 3–808). Although plaintiffs filed their complaint and served process on defendant within six months of the dismissal of the prior case, service of process was defective under Rule 4(d)(6) of the Federal Rules of Civil Procedure.[2] Rule 4(d)(6) provides that when a municipal corporation is served, service must be made personally or in the alternative, that service may meet state law requirements. The state law requirement was not met since the Georgia statute also requires personal service. *See* O.C.G.A. § 9–11–4(d)(5) (1982) (formerly Ga.Code Ann. § 81A–104(d)(5)). Thus, defendant was not properly served before the Georgia statute of limitations had run.

We first must determine whether federal or state law governs the outcome of this case. Under Rule 3 of the Federal Rules of Civil Procedure, a suit commences when the complaint is filed. If Rule 3 dictates at what point a suit commences for purposes of this diversity suit, defendant is not barred by the Georgia statute of limitations because the complaint was filed within the six month period. Consequently, the dismissal of the suit would be analyzed under the standards of Rule 41(b) of the Federal Rules of Civil Procedure, which authorizes the district court to dismiss an action with prejudice for failure to prosecute. If, however, Rule 3 is not controlling, Georgia law would determine whether the action is barred by the statute of limitations.

Under the doctrine of *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), a federal court in a diversity action must apply the controlling substantive law of the state. In *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), the Supreme Court held that state statutes of limitations are substantive laws and must be followed by federal courts in diversity actions. In *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), the Supreme Court held that a Kansas statute rather than Rule 3 of the Federal Rules of Civil Procedure dictated the commencement date of the suit for purposes of determining whether the statute of limitations was tolled. The state statute, which provided for commencement of a suit upon service of process, controlled because it was an integral part of the state statute of limitations. *Id.* at 534, 69 S.Ct. at 1235. According to the Supreme Court, a state created cause of action "accrues and comes to an end when local law so declares. Where local law qualifies or abridges it, the federal court must follow suit. Otherwise, there is a different measure of the cause of action in one court than in the other, and the principle of *Erie R. Co. v. Tompkins* is transgressed." *Id.* at 532, 69 S.Ct. at 1235 (cites omitted). The Supreme Court reaffirmed its holding in *Ragan* in *Walker v. Armco Steel Corp.,* 446 U.S. 740, 748, 100 S.Ct. 1978, 1984, 64 L.Ed.2d 659 (1980), which it described as indistinguishable from *Ragan.* In *Walker,* the Court stated that "[t]here is no indication that . . . Rule [3] was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations." 446 U.S. at 750–51, 100 S.Ct. at 1985, 64 L.Ed.2d 659 (footnotes omitted).

---

**2.** In a diversity action, Rule 4 of the Federal Rules of Civil Procedure governs the manner of

service of process. *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

Thus, we now examine Georgia law to determine whether Georgia's commencement of action statute is an integral part of the statute of limitations. Like the federal rule, the Georgia statute provides that a civil action is commenced by the filing of a complaint. O.C.G.A. § 9–11–3 (1982) (formerly Ga.Code Ann. § 81A–103). Service of process is to be made within five days from the time of receiving the summons and complaint, although failure to make it within the five days will not invalidate a later service. O.C.G.A. § 9–11–4 (1982) (formerly Ga.Code Ann. § 81A–104). Although the Georgia commencement statute is identical to the federal rule, the Georgia Court has stated that "filing is still not the commencement of the suit unless followed by service within a reasonable time, but that once service is perfected upon a defendant, it will relate back to the original date of the filing which will be considered the date of the commencement of the law suit." *Franek v. Ray,* 239 Ga. 282, 285–86, 236 S.E.2d 629, 632 (1977).

■ The next question under Georgia law is whether service of process relates back when the statute of limitations has run between the filing of the petition and the perfection of service, as in this case. If service is perfected within five days of filing the complaint, even though the statute of limitations has run before service is perfected, service will relate back. *Hilton v. Maddox, Bishop, Hayton Frame & Trim Contractors, Inc.,* 125 Ga.App. 423, 427, 188 S.E.2d 167, 170 (1972). If, however, service is perfected more than five days after the filing of the complaint and after the statute of limitations has run, service will relate back only if the plaintiff diligently attempted to perfect service. *Webb v. Murphy,* 142

Ga.App. 649, 236 S.E.2d 840, 841 (1977); *Bible v. Hughes,* 146 Ga.App. 769, 770, 247 S.E.2d 584, 585 (1978); *Hilton,* 125 Ga.App. at 426, 188 S.E.2d at 170.

■ By holding that service of process does not relate back to toll the statute of limitations unless the plaintiff has acted diligently, the Georgia courts have interpreted their commencement statute and service of process statute as integral parts of the state statute of limitations.[3] Thus, this Court finds that Georgia law determines whether plaintiffs are barred by the statute of limitations.[4] Such a finding is consistent with the Supreme Court's statement in *Walker v. Armco Steel Corp.* that

> [T]here is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants.

446 U.S. at 753, 100 S.Ct. at 1986, 84 L.Ed.2d 859.

■ The trial court is vested with discretion to determine the cause of the delay and if the trial court determines that the delay is attributable to the plaintiff and so dismisses the complaint, the court of appeals will not intervene. *Bible,* 146 Ga.App. at 770, 247 S.E.2d at 385; *Webb,* 142 Ga. App. at 650, 236 S.E.2d at 841. In this case, the trial judge found that plaintiffs had not exercised reasonable diligence to see that defendant was properly served. We cannot say that the trial judge abused his discretion. Plaintiffs knew or should have known of the defect in their service of process no

---

**3.** Because the state statutes do not in and of themselves specify when an action shall be deemed commenced for the purpose of the statute of limitations, we look to the Georgia courts' definition of when an action commences. *Contra, Reisinger v. Cannon,* 127 F.Supp. 50, 51 (D.Conn.1954) (where there was no statutory freezing of the definition as an integral part of the statute of limitations, the district court would not look at state court decisions). Our approach seems consistent with the Supreme Court's holding in *West v. American*

*Telephone and Telegraph Co.,* 311 U.S. 223, 236–37, 61 S.Ct. 179, 185, 85 L.Ed. 139 (1940), that in a diversity action, state court decisions as well as state statutes comprise the law of the state.

**4.** The Fifth Circuit reached a similar result in applying *Walker v. Armco Steel Corp.* to a Louisiana statute in *Calhoun v. Ford,* 625 F.2d 576 (5th Cir.1980).

later than April 22, 1982, yet they waited until October 14, 1982 before moving the court for leave to perfect service. *See Bible,* 146 Ga.App. at 770, 247 S.E.2d at 585 (action dismissed where nonresident and resident defendants were served 56 days and 215 days respectively after action filed); *Webb,* 142 Ga.App. at 649, 236 S.E.2d at 841 (action dismissed where defendant was served 56 days after complaint filed). Plaintiffs have not met their burden of showing lack of fault. *Bible,* 146 Ga. App. at 771, 247 S.E.2d at 585.

In view of the foregoing, this Court need not address the merits of the dismissal of defendant's suit under Rule 41(b).

AFFIRMED.