Thomas L. **BROWNE,** Jr., Plaintiff,

v.

**N.Y.S. COURT SYSTEM N.Y.S. Supreme Court—Queens Co. Honorable Arthur J. Cooperman, Queens County, File Clerk, Sup. Ct., Queens Co., Defendants.**

**No. CV 84–2360.**

United States District Court,
E.D. New York.

July 6, 1984.

---

Thomas L. Browne, Jr., pro se.

Robert Abrams, Atty. Gen., of N.Y., New York City, for defendants; Howard L. Zwickel and Randolph Volkell, New York City, of counsel.

## MEMORANDUM & ORDER

PLATT, District Judge.

Plaintiff, Thomas L. Browne, Jr., who appears *pro se*, commenced this action by filing a "complaint" against the above named defendants. It is unclear what conduct he alleges wronged him and what relief he seeks. The defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b) on the following grounds: (1) the complaint fails to state a claim upon which relief can be granted; (2) this Court lacks subject matter jurisdiction; (3) this Court lacks *in personam* jurisdiction; and (4) the plaintiff fails to join a necessary party. For the reasons stated below, the defendants' motion to dismiss is granted.

■ The defendants argue that the "complaint" fails to state a claim upon which relief may be granted. We agree. "[T]he complaint should, as a minimum, indicate clearly the defendants against whom relief is sought and the basis upon which the relief sought against the particular defendants. To do less than this is to cause an injustice to persons who are named as defendants in an action." *Mathews v. Kilroe*, 170 F.Supp. 416, 417 (S.D.N.Y.1959). Although it has been carefully considered, this complaint, in essence, is unintelligible. There is no allegation by the plaintiff that any of the defendants has caused or threatened to cause him any injury,[1] and there is no indication of what relief

1. The defendants argue that to the extent that plaintiff articulates any grievance at all, it appears to be against "illegal tax collection" and the "water company." They maintain that this

the plaintiff seeks from this Court. Since there is not a cognizable cause of action, the complaint must be dismissed.

■■■ Even if the complaint were not dismissed on the above ground, this Court would be without authority to entertain the plaintiff's "complaint." First, under the Eleventh Amendment to the United States Constitution, a State is immune from any actions brought against it in federal court by a citizen of its own State. *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). This immunity has been extended to suits against State agencies and officials sued in their official capacity, such as the defendants in this action. Second, Justice Cooperman has judicial immunity from liability for damages. *Stump v. Sparkman,* 435 U.S. 349, 362, 98 S.Ct. 1099, 1107, 55 L.Ed.2d 331 (1978); *Pierson v. Ray,* 386 U.S. 547, 553–54, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967).

■■ In addition, there is a serious question as to whether this Court has *in personam* jurisdiction over the defendants. Not all of the defendants have been served and in those instances where service was made, it allegedly was rendered by the plaintiff himself in violation of Federal Rule of Civil Procedure 4(c)(2)(A). Therefore, it appears that the complaint would have to be dismissed on the additional grounds that service was insufficient, *Cambridge Mutual Fire Insurance v. City of Claxton,* 96 F.R.D. 175, 178 (S.D.Ga. 1982), and because the Court lacks *in personam* jurisdiction over the defendants.

For the above stated reasons, the plaintiff's complaint is hereby dismissed.

SO ORDERED.

action must be dismissed on the further ground that the plaintiff fails to name a necessary party under Federal Rule of Civil Procedure 19(a)(1).

In light of our disposition below, there is no need for us to rule on this issue.