Cleo REIFF, Plaintiff,

v.

Robert BALLARD, Dale Tjeerdsma, Curtis Van Asperen and Adella Mudder, Administratrix of the Estate of Roger Mudder, Deceased, Individually and as Members of the Board of Education of Avon School District No. 4–1, Defendants.

No. CIV 90–4103.

United States District Court, D. South Dakota, S.D.

Feb. 15, 1991.

John F. Cogley, Mitchell, S.D., for plaintiff.

Timothy M. Gebhart, Sioux Falls, S.D., for defendants.

## MEMORANDUM OPINION AND ORDER

JOHN B. JONES, District Judge.

Plaintiff brought this action under 42 U.S.C. § 1983. Plaintiff's counsel filed this

action on July 10, 1990 and obtained proper summonses for service. On October 16, 1990, plaintiff sought to serve process in accordance with F.R.Civ.P. 4(c)(2)(C)(ii) by mailing a properly signed and sealed summons and a copy of the complaint to each defendant. The defendants did not acknowledge receipt of service. Thereafter plaintiff's counsel had each defendant personally served with an unsigned, unsealed summons and a copy of the complaint. Defendants have made a Motion to Dismiss the Complaint or, in the alternative, to Quash Process based on the fact that the summonses actually served were neither signed by the Clerk nor under seal as required by F.R.Civ.P. 4(b).

The parties have briefed the issue and the matter is ready for decision.

Two things are clear: first, that each defendant actually received a signed and sealed summons, and second, that the summonses which were personally served did not comply with Rule 4(b). Under these facts, I conclude that the plaintiff should be allowed to amend the summonses served, pursuant to Rule 4(h), because a proper summons had been obtained and actually furnished to each defendant. *See Smith v. Boyer*, 442 F.Supp. 62, 63 (W.D. N.Y.1977) (failure to serve summons amendable if no prejudice to defendant). The subsequent personal service of defective summonses created a technical defect which may properly be corrected because defendants have failed to allege any material prejudice to their substantial rights that would be caused by allowing such amendment.

Upon the record herein,

IT IS ORDERED:

(1) That defendants' Motion to Dismiss or to Quash will be denied.

(2) That the plaintiff may amend the summons by having served upon each defendant a summons which will comply with F.R.Civ.P. 4(b), and such service will relate back to the original service.